James Edward BURTON aka Ronnie Johnson, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 62624, 62625.

Court of Criminal Appeals of Texas, Panel No. 3.

June 9, 1982.

Rehearing Denied July 7, 1982.

Randy Schaffer, court appointed on appeal only, Houston, for appellant.

Carol S. Vance, Dist. Atty. and Calvin A. Hartmann and Kay Burkhalter, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

Before DALLY, W. C. DAVIS and TEAGUE, JJ.

## OPINION

DALLY, Judge.

These are appeals from a conviction for burglary of a habitation and a revocation of probation.

A jury found appellant guilty of burglary of a habitation, V.T.C.A. Penal Code, Sec. 30.02, and the court assessed punishment at twenty years confinement in the Texas Department of Corrections. Following the guilty verdict and sentence, the court having heard the evidence presented before the jury found that appellant had violated the terms of his probation, and revoked his probation, assessing punishment at four years confinement in the Texas Department of Corrections. In this consolidated appeal, appellant through counsel on appeal presents a single ground of error: that the trial court erred when it refused to permit the appellant to waive his right to counsel and to represent himself.

Appellant was indicted in the burglary of a habitation on December 18, 1978. At a hearing on pretrial motions, appellant's appointed counsel informed the trial court that at the time of appellant's arraignment before Judge Coker the appellant had expressed his desire to represent himself, and that appellant indicated again the morning of the pretrial hearings that he desired to represent himself.

The trial court then questioned appellant concerning his desire to waive counsel and represent himself:

"THE DEFENDANT: I would like to represent myself. I would like to have time to go over some of the officers' reports and records.

"THE COURT: I don't believe I understood you. You said what about the officers of the court?

"MR. MUSSLEWHITE: He said he wanted time to go over the officers' report. I assume, the offense reports.

"THE COURT: That's not available to the defense counsel. In any event, do you know anything about the trial of a criminal case, Mr. Burton?

"THE DEFENDANT: Yes, sir.

"THE COURT: Are you familiar with the voir doir part of the trial?

"THE DEFENDANT: No, sir.

"THE COURT: Do you know how many challenges you have on a jury panel?

"THE DEFENDANT: No, sir.

"THE COURT: Have you ever cross-examined a witness?

"THE DEFENDANT: No, sir.

"THE COURT: Why is it that you wish to represent yourself when you don't even know the beginnings of impaneling the jury in the case? Are you having some difficulty communicating with Mr. Musslewhite?

"THE DEFENDANT: No, sir. I feel Mr. Musslewhite thinks I'm already guilty. I want somebody with more confidence. If he feels I'm guilty, I don't think he could represent me to the fullest.

"THE COURT: Mr. Musslewhite will represent you to the best of his ability whether he feels you're innocent or guilty because he is under an obligation to the court as well as to his profession. Unless you can show the court that you have some skill or expertise, the court cannot permit you to represent yourself. It would be violating your right, whether you know it or not, to permit you to represent yourself and not knowing anything concerning the rules of a trial of a criminal case . . . . "

■ It is well settled that the Sixth Amendment to the United States Constitution guarantees the right of an accused to conduct his own defense. *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). It is thus the defendant's decision whether to accept assistance of counsel or to conduct his own defense, and the Supreme Court in *Faretta* has mandated that "his choice be honored" when the benefits of the assistance of counsel are understandably relinquished with an informed awareness of danger and disadvantaged of self-representation.

■ After careful review of the record before us and especially of that conversation between the appellant the trial court set out above, we find that the trial court's denial of appellant's request to conduct his own defense was in error, in light of *Faretta.*

The facts of this case are similar to those in *Faretta.* The appellant, like Faretta, informed the court of his desire to represent himself weeks before trial. The court, upon arraignment and at a pretrial hearing on motion to suppress, questioned appellant about his request and explained to him the difficulties he would probably meet. Appellant persisted in his request, which was both clear and unequivocal. Although the appellant refers to his dissatisfaction with his appointed counsel, there is nothing in the record that shows he requested that the court appoint another attorney or that he affirmatively denied self-representation. Cf. *Lyles v. State,* 582 S.W.2d 138 (Tex.Cr.App.1979); *Thomas v. State,* 550 S.W.2d 64 (Tex.Cr.App.1977). Rather, the trial court applied an inappropriate standard to determine whether appellant's request should be granted, that is, whether appellant could show "some skill or expertise." The Supreme Court in *Faretta* emphasized that neither the defendant's technical legal training nor his ability to conduct an adequate defense are requisites for self-representation. Proper inquiry of the trial court regarding appellant's waiver of counsel would center on his background, age, experience, education. *Renfro v. State,* 586 S.W.2d 496 (Tex.Cr.App.1979). The appellant need only show sufficient intelligence to demonstrate a capacity to waive his right to counsel and the ability to appreciate the practical disadvantages he will confront in representing himself. *Trevino v. State,* 555 S.W.2d 750 (Tex.Cr.App. 1977).

The trial court is also obligated to insure that the defendant waiving his right to counsel is fully aware of the danger and disadvantages of self-representation. *Webb v. State,* 533 S.W.2d 780 (Tex.Cr.App. 1976).

To paraphrase the Supreme Court's decision in *Faretta,* in forcing the appellant, under the circumstances, to accept against his will a court appointed counsel, the trial court deprived him of his constitutional right to conduct his own defense.

The judgments are reversed and the causes are remanded.