Ben Earsal SALISBURY, Appellant,

v.

The STATE of Texas, Appellee.

No. A14–92–00733–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Dec. 16, 1993.

Judith M. Prince, Houston, for appellant.

Karen Clark, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and ELLIS and LEE, JJ.

## OPINION

LEE, Justice.

Appellant entered a plea of not guilty to the misdemeanor offense of harassment. The jury found appellant guilty as charged and assessed punishment at 180 days in jail and a fine of $1500.00. We affirm.

Appellant brings four points of error contending that the evidence was insufficient to prove that: 1) his comments were obscene;

2) he intended to harass the complainant; 3) he initiated communication in Harris County; and 4) his waiver of counsel was knowingly and intelligently made. Appellant also contends in a fifth point of error that he was denied his right to compulsory process.

Appellant was found guilty of harassing the complainant, a female apartment manager in her mid-twenties. Appellant first came in contact with the complainant under the guise of seeking some advice about apartments. Appellant's initial communications with the complainant were in the form of admiration. However, as the communications increased, so did the harassing nature of the communications. The specific content of the communications will be discussed as needed under each point of error. At this point, it is sufficient to say that the communications were sexual in nature and also contained threats of violence.

 In his first point of error, appellant contends that the evidence was insufficient to prove that he made a comment that was obscene. When reviewing a sufficiency of the evidence challenge, the appellate court is to view the evidence in the light most favorable to the verdict, to determine whether enough evidence was produced to convince a rational factfinder that every element of the offense was satisfied beyond a reasonable doubt. See *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Butler v. State,* 769 S.W.2d 234 (Tex.Crim.App.1989).

Appellant was charged under TEX.PENAL CODE ANN. § 42.07. A person commits an offense under this section if, with intent to harass ... he initiates communication by telephone or in writing and in the course of the communication makes a comment ... that is obscene. TEX.PENAL CODE ANN. § 42.-07(a)(1) (Vernon 1989). For the purposes of § 42.07(a)(1), "obscene" means containing a patently offensive description of or a solicitation to commit an ultimate sex act, including sexual intercourse, masturbation, cunnilingus, fellatio, or anilingus, or a description of an excretory function. TEX.PENAL CODE ANN. § 42.07(b) (Vernon 1989).

Both appellant and the State argue that the disposition of appellant's claim turns on the meaning of the word "patently" as used in § 42.07(b). "Patently" is not specifically defined in § 42.07 and therefore has not acquired a particular or technical meaning. When a statutory term has not acquired a technical meaning, the term should be read in context and construed according to rules of grammar and common usage. See TEX. GOV'T CODE ANN. § 311.011(a) and (b) (Vernon 1988); *Pettijohn v. State,* 782 S.W.2d 866, 868 (Tex.Crim.App.1989).

 "Patently" is defined as "in a patent manner; clearly; obviously; openly." *Webster's New World Dictionary* 1041 (Second College Ed.1986). Appellant contends that in order for a comment to meet the statutory definition of "obscene," the comment itself must have patently described an ultimate sex act. The State argues that "patently," is an adverb as used in § 42.07(b), and modifies the word "offensive." This latter usage would require that the *description* of the ultimate sex act be clearly, obviously, or openly offensive. We agree with the State. Reading the statute as espoused by appellant would promote the couching of offensive comments, describing ultimate sex acts, in creative and less than explicit language in order to avoid prosecution. This could not have been the intent of the Legislature.

After reviewing the evidence, we find that there is sufficient evidence of communications initiated by appellant, describing an ultimate sex act, that a rational factfinder could find as being patently offensive. This would be sufficient to satisfy the "obscene" element of the State's case. Appellant's first point of error is overruled.

In his second point of error, appellant argues that the evidence was insufficient to prove that he intended to harass the complainant. Appellant contends that he sent communications to the complainant only to profess his undying love for her.

 The intent of the accused is ordinarily determined not by direct proof but

rather is inferred from circumstantial evidence. *Dillon v. State,* 574 S.W.2d 92, 94 (Tex.Crim.App.1978); *Garcia v. State,* 649 S.W.2d 70, 72 (Tex.App.—Corpus Christi 1982, no pet.). In other words, intent may be inferred from the acts, words, or conduct of an accused, including the circumstances surrounding the acts in which the accused engages. *Bader v. State,* 773 S.W.2d 769, 770 (Tex.App.—Corpus Christi 1989, pet. ref'd); *Fewell v. State,* 687 S.W.2d 807, 810 (Tex. App.—Houston [14th Dist.] 1985, no pet.).

■ The mere fact that a few of the communications sent by appellant contained references to appellant's love for the complainant, does not negate the majority of communications containing obscene content and the fact that the complainant did not wish to see or hear from appellant. At trial, Ms. Sandy Davidson, the property manager for the Richmond Chase Apartments and the complainant's supervisor, testified that appellant began calling the complainant at the office in August or September of 1991. According to Ms. Davidson, appellant called at least five times a day until he was arrested. The complainant also testified about the phone calls. She stated that when the appellant first called and left a number at which he could be reached, she returned his call only to inform him that she did not know him and that she wished him to leave her alone. Ms. Davidson also testified to telling appellant of the complainant's desire to be left alone.

Finally, the State introduced into evidence a purchase receipt that appellant had sent to the complainant. The receipt was for a machete. Appellant explained in an accompanying communication that he purchased the machete in Mexico. On the front of the receipt appellant wrote, "Jewel, nother warning! Ben."

The jury, as sole judge of the credibility of witnesses, was entitled to believe the testimony offered by the State's witnesses and disbelieve that of appellant. It is further entitled to infer an intent to "harass" from the conduct of appellant. We find the evidence sufficient to establish intent. Appellant's second point of error is overruled.

■ In his third point of error, appellant contends that the State failed to prove that he initiated an obscene communication in Harris County, Texas. Appellant's contention is a challenge to the proof of venue cast in the form of a challenge to the sufficiency of the evidence to support his conviction.

Appellant admits that some communications were initiated in Harris County, however, he contends that the State failed to show that any of those comments made by appellant, which were initiated in Harris County, contained obscenities. Appellant argues that the gravamen of an offense under Penal Code § 42.07(a)(1) is the "initiation" of the communication. Appellant contends that it is immaterial, in determining whether an offense has been committed, whether the communication was received by the intended recipient. Appellant contends it is the point of initiation that is determinative of the offense. Appellant argues that the evidence shows that all of the allegedly obscene comments were initiated outside Harris County. Appellant claims that since the State failed to prove that an obscene communication was initiated in Harris County, the evidence is insufficient to support the conviction.

To sustain an allegation of venue, it shall only be necessary to prove by a preponderance of the evidence that by reason of the facts in the case, the county where such prosecution is carried on has venue. Tex. Code Crim.Proc.Ann. art. 13.17 (Vernon 1977); *Black v. State,* 645 S.W.2d 789, 790 (Tex.Crim.App.1983).

The State put on evidence that prior to his arrest, appellant delivered a box to the complainant's office at the Richmond Chase Apartment complex. In the box was a napkin on which appellant had written the following: "[complainant's name] Too, To, Two, F __ king Bad! Me Gona Have Your Cake And Eat You Too. This Only Kinda Rubber U Feel From Me! Valet Virgin or Love Eu To!" On a second napkin, appellant wrote: "Gamble. Bet U Me. Get In U Pants! Roll'em Down—Sea What Come Up U! To: [Complainant]. From: Loaded Dice."

There was also a two page letter in the box. The State's evidence also showed that the Richmond Chase Apartment complex is located in Harris County, Texas. We find that the State proved by a preponderance of the evidence that venue was proper in Harris County.

■ Furthermore, we do not agree with appellant's position that there is an offense under this section of the Penal Code only in the county or counties where the communication is initiated. On the contrary, venue may lie in any county where the communication was initiated as well as any county where the communication was received. See *Haigood v. State*, 814 S.W.2d 262 (Tex.App.—Austin 1991, pet. ref'd) (where it was determined that an unlawful telephone communication under § 42.07(a)(4) is made or committed in the county in which the communication is received). Appellant's third point of error is overruled.

Appellant's fourth point of error alleges that the evidence is insufficient to show that his waiver of counsel and assertion of his right to self-representation were knowingly and intelligently made. Appellant contends that there is no showing that the trial court inquired into his mental capacity in determining whether he was capable of representing himself. Appellant further claims that he was denied a fair trial because he allowed into evidence, without objection, an overwhelming amount of irrelevant and prejudicial exhibits and testimony.

■ The Sixth Amendment to the United States Constitution guarantees the right of an accused to conduct his own defense. *Burton v. State*, 634 S.W.2d 692, 694 (Tex.Crim.App.1982), citing *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). In order to competently and intelligently invoke his Sixth Amendment right to self-representation, the accused "should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that 'he knows what he is doing and his choice is made with eyes open.' " *Scarbrough v. State*, 777 S.W.2d 83, 92 (Tex.Crim.App.1989), citing *Faretta v. California*, 422 U.S. at 835, 95 S.Ct. at 2541. The proper inquiry of the trial court regarding the accused's waiver of counsel should center on his background, age, experience, and education. Generally, the record must be sufficient for the reviewing court to make an assessment that appellant knowingly exercised his right to defend himself. *Johnson v. State*, 760 S.W.2d 277, 279 (Tex.Crim.App. 1988).

■ The accused should be aware that there are technical rules of evidence and procedure, and he will not be granted any special consideration solely because he asserted his pro se rights. *Id.* An accused need not himself have the skill and experience of a lawyer in order to competently and intelligently choose self-representation. *Scarbrough*, 777 S.W.2d at 92, citing *Faretta*, 422 U.S. at 835, 95 S.Ct. at 2541. Neither the accused's technical legal training nor his ability to conduct an adequate defense are requisites for self-representation. *Burton*, 634 S.W.2d at 694.

■ While the choice must be knowingly and intelligently made, it need not be wise. *Scarbrough*, 777 S.W.2d at 92. Indeed, the accused must be permitted to "conduct his own defense ultimately to his own detriment," if that is his informed decision. *Id.*, citing *Faretta*, 422 U.S. at 834, 95 S.Ct. at 2541. Whether the accused is competent to represent himself is immaterial; the appropriate question is whether he is competent to choose the endeavor. *Id.*

■ The record in the instant case shows that on March 5, 1992, Dr. Jerome Brown of the Mental Health and Mental Retardation Authority of Harris County determined appellant incompetent to stand trial. On March 12, 1993, the trial court conducted a competency hearing in which the jury found that appellant was incompetent to stand trial. The jury also found that there was a substantial possibility that appellant would attain the competency to stand trial within the foresee-

able future. Appellant was then admitted to the Psychiatric Facility at Rusk State Hospital.

On March 31, 1992, appellant was interviewed at Rusk Hospital. He was diagnosed with bipolar disorder, manic type, but was found to be in satisfactory control. Appellant was further found to possess sufficient ability to consult with his lawyer with a reasonable degree of rational understanding. He was also found to have a rational as well as a factual understanding of the proceedings against him. On April 2, 1992, the trial court found appellant competent to stand trial.

The record also shows that appellant had been seeking to represent himself since January, 1991. At a pretrial hearing on June 9, 1992, appellant again told the trial court that he wished to represent himself. At the hearing the trial court also advised appellant that the court has provided him with standby counsel, and admonished appellant of the difficulties and disadvantages of self representation. The court inquired into appellant's experience and education. The court also recalled the recent mental history of appellant and his competency hearings. The trial judge then explained to appellant the charge against him, the punishment range, and that he would be responsible for following the Rules of Criminal Procedure and Criminal Evidence. Finally, the court informed appellant that he would be accorded no special considerations because of his lack of training.

After careful review of the record, especially the oral admonishments by the judge, we find that appellant's waiver of his right to counsel and his assertion of self-representation were knowingly and intelligently made. Appellant's fourth point of error is overruled.

■ In his final point of error, appellant contends that he was denied the right to compulsory process. Appellant argues that because he was denied access to the documents he tried to subpoena, he was deprived of the ability to assert an insanity defense, which would have entitled him to an acquittal. Moreover, appellant claims that because

he was denied the right to 1) introduce evidence to support his defense, 2) effectively impeach witnesses regarding the number of telephone calls he allegedly made, and 3) present witnesses and evidence on his behalf, he was denied a fair trial.

■ An accused's right to compulsory process for obtaining witnesses in his behalf is embodied in both federal and state law. *Gonzales v. State,* 714 S.W.2d 19, 24 (Tex. App.—Houston [1st Dist.] 1985, no pet.); see U.S. CONST. amend. VI; TEX. CONST. art. I, § 10; TEX. CODE CRIM.PROC.ANN. art. 1.05 (Vernon 1977). Relevancy and materiality of a witness' testimony are the touchstone for determining whether reversible error was committed in denying compulsory process. *Rodriguez v. State,* 513 S.W.2d 22, 28 (Tex. Crim.App.1974).

After reviewing the record, we find no support for appellant's claim. The record reflects that the trial court allowed appellant to subpoena several witnesses to testify as character witnesses for the defense, and that these witnesses were in fact subpoenaed and available to testify. However, when it came time to present the defense's case-in-chief, appellant chose not to call any of the witnesses, but decided instead to recall two of the State's witnesses.

There is also no showing in the record that appellant was denied access to any requested documents. Not only did the trial judge make the court's own file available to appellant, appellant's standby counsel was in possession of and in fact offered appellant his copy of one of the requested documents.

Finally, although the trial court denied appellant's motion to subpoena certain telephone records, appellant has failed to properly preserve this error. Appellant should have requested the trial court to allow him to subpoena the phone records in order to make a bill of exceptions. Without the bill of exceptions there is no showing in the appellate record that the phone records requested by appellant would have allowed him to effectively impeach witnesses or otherwise aid in

his defense. Appellant fifth point of error is overruled.

The judgment of the trial court is affirmed.