Kelton Lamont MORRIS, Appellant,

v.

The STATE of Texas, Appellee.

No. 06–94–00093–CR.

Court of Appeals of Texas, Texarkana.

Submitted Oct. 24, 1994.

Decided Dec. 30, 1994.

**206**

Fred L. Tinsley, Dallas, for appellant.

John C. Vance, Crim. Dist. Atty., Kim Schaefer, Asst. Dist. Atty., Dallas, for appellee.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

## OPINION

GRANT, Justice.

This is an appeal by Kelton Lamont Morris from a capital murder conviction for which he was sentenced to life imprisonment. Morris contends: (1) that there was insufficient evidence to prove that Morris acted as a primary actor; (2) that there was insufficient evidence to support a conviction for capital murder because there was no evidence to prove that an accomplice committed the murder; and (3) that the trial court erred in failing to apply the law of parties to the facts of the case in the application paragraph of the charge and in separate paragraphs.

The State contends that on August 16, 1993, Morris and Norman Collins entered a Stop 'N Go convenience store. Morris lured the clerk, Santos Festejos, into an aisle away from the counter. There, either Collins, Morris, or both stabbed Festejos to death. They then robbed the store of cash and merchandise.

Morris contends that Collins "egged" him on and that Collins pulled a gun, gave a knife to Morris, and forced Morris to stab Festejos. Morris then pulled Festejos to the back of the store and stabbed him repeatedly. Morris then took two cartons and four packs of cigarettes at Collins's request. Collins then opened the cash register and removed the money.

Morris was tried by a jury for capital murder. The State and Morris dispute the number of options in the charge. We find that the charge to the jury instructed on two theories by which the jury could find Morris guilty of capital murder: (1) as the primary actor in killing Festejos in the course of committing robbery; or (2) as an aid to Collins in the murder while in the course of committing robbery.

We first address Morris's contention that there was insufficient evidence to support his conviction on the theory that he was the primary actor. Morris also contends that there was insufficient evidence to support the conviction for capital murder because there is no evidence to prove Collins committed murder.

■ These two theories were available alternatively to the jury. The jury was entitled to find the appellant guilty under either of the disjunctive theories set out in the charge. *Anderson v. State*, 717 S.W.2d 622, 631–632 (Tex.Crim.App.1986). Because the law of parties was properly included in the charge, Morris's points of error must be combined to be successful. There must be insufficient evidence to support the conviction under either theory in order to represent reversible error.

■ Our exclusive fact jurisdiction under the Texas Constitution both permits and requires us to review the factual sufficiency when sufficiency of the evidence is challenged on appeal. *Bigby v. State*, 892 S.W.2d 864 (Tex.Crim.App.1994); *Williams v. State*, 848 S.W.2d 915, 916–17 (Tex.App.—Texarkana 1993, no pet.); *Stone v. State*, 823 S.W.2d 375 (Tex.App.—Austin 1992, pet. ref'd, untimely filed). In reviewing the legal

sufficiency of the evidence, an appellate court must view the evidence in a light most favorable to the verdict to determine if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Geesa v. State*, 820 S.W.2d 154 (Tex.Crim.App.1991). In reviewing the factual sufficiency of the evidence, we look at all the evidence and determine whether the conviction is against the great weight of the evidence. *Adelman v. State*, 828 S.W.2d 418 (Tex.Crim.App. 1992).

Jeffrey Ellerbrock testified that Morris discussed robbing the store with Collins and Ellerbrock prior to the robbery. Collins testified that Morris pulled out a knife and started stabbing Festejos in an aisle in the store, then dragged him to a back room of the store. Collins further testified that he took money from the cash register, that they both took cigarettes and candy, and that they left the store together.

Morris signed a statement saying that he stabbed Festejos with a knife he was carrying.[1] He further testified that he dragged Festejos to a back room of the store. He testified that he stabbed Festejos five more times in the back room when he "lost control with anger." Finally, he testified that he took some cigarettes from the store and Collins took cash.

■ There must also be sufficient evidence to prove that Morris intended his conduct during the robbery. Because it is difficult to prove what a defendant was thinking, intent of the accused is not ordinarily determined by direct proof; rather, it is inferred from circumstantial evidence. *Dillon v. State*, 574 S.W.2d 92, 94 (Tex.Crim.App. 1978); *Salisbury v. State*, 867 S.W.2d 894 (Tex.App.—Houston [14th Dist.] 1993, no. pet.). Intent may be inferred from acts, words, or conduct of an accused, including the circumstances surrounding the acts in which the accused engages. *Salisbury*, 867 S.W.2d 894.

1. Morris also testified he stabbed Festejos because Collins had a gun and ordered Morris to stab Festejos. This, however, relates only to the affirmative defense of duress.

■ The evidence shows that Morris discussed robbing the store with Collins and Ellerbrock before the crime took place. Collins testified that Morris checked the parking lot for customers immediately before Morris stabbed Festejos. Morris himself admits that he knew they were going to rob the store. Collins testified that Morris took $240 from the store. There is legally and factually sufficient evidence to show that Morris, as the primary actor, intentionally committed murder in the course of robbery.

■ Morris next contends that the trial court erred in failing to apply the law of parties in the application paragraph of the charge, though the court generally applied the law of parties in the charge. He argues that this alone represents reversible error or that because the law of parties was improperly applied, Morris cannot be found guilty as a party to the offense.

Morris points to *Johnson v. State,* in which the court held that reversal was proper where a defendant requested more explicit application of the law of parties to the facts. *Johnson v. State,* 739 S.W.2d 299 (Tex.Crim. App.1987). In that case, however, the court determined that because the evidence best supported a theory based upon the law of parties and the emphasis by the State was on the law of parties, there was harm in not more explicitly applying the law of parties to the facts of the case. In the present case, however, though the State presented two separate theories on which to convict Morris, the State relied heavily on the theory that Morris was a primary actor. Thus, even if the law of parties was incorrectly applied, it would be harmless error because the conviction could be supported on the State's main theory that Morris was a primary actor because the evidence clearly supported such a theory. *See Govan v. State,* 682 S.W.2d 567 (Tex.Crim.App.1985), *overruled on other grounds,* 716 S.W.2d 939, 945 (Tex.Crim.App. 1986). These points of error are overruled.

The judgment of the trial court is affirmed.