

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-25-00230-CV

_____

IN THE INTEREST OF B.C., A CHILD

On Appeal from the 271st District Court
Wise County, Texas
Trial Court No. CV23-07-507

Before Sudderth, C.J.; Womack and Walker, JJ.
Memorandum Opinion by Justice Womack

## MEMORANDUM OPINION

### I. INTRODUCTION

Appellant Brian Cole, proceeding pro se, complains in four issues of the trial court's post-answer default order entered in a suit affecting the parent–child relationship (SAPCR). Because the trial court did not abuse its discretion by denying his motion to set aside the default order and due to his inadequate briefing, we will overrule most of Cole's issues. However, because there were no pleadings requesting a name change for the child, we will modify the order to delete the child's name change. Accordingly, we affirm the order as modified.

### II. BACKGROUND

In 2023, Appellee Claire Waldrop, the mother of the minor child B.C.,[1] filed her original petition against Cole—the father of B.C.—requesting among other things, child support as well as sole managing conservatorship due to Cole's history of family violence. Waldrop did not request that B.C.'s name be changed. Cole timely filed an answer.

Later, in November 2024, Cole filed a document "appoint[ing] Darren Bradley Swain to be [his] power of attorney, attorney in fact, counsellor and advocate in

---

[1]We use initials for the minor in order to protect the child's identity. *See* Tex. Fam. Code Ann. § 109.002(d).

courtroom settings with the State of Texas."[2] On the same day that Cole filed the document, the trial court notified the parties that the case was set for a bench trial[3] on March 10, 2025, at 9:00 a.m.

At the March trial, Waldrop appeared in person and through her attorney. Cole failed to appear. A record was made of the proceedings, and Waldrop and her attorney testified. Portions of that testimony will be set out in the analysis below.

The trial court signed a final order in April 2025 that, among other things, granted sole managing conservatorship of B.C. to Waldrop, ordered Cole to pay

---

[2]This is not the first time that Cole has attempted to allow Swain to represent him. In Cole's recent appeal of his driving-while-intoxicated conviction, he contended that the trial court had "abused its discretion by denying his request for 'non-bar counsel'—Darren Swain, who was not a licensed attorney—in violation of the Sixth Amendment and Section 38.123 of the Texas Penal Code." *Cole v. State*, No. 02-25-00090-CR, 2026 WL 119900, at *7 (Tex. App.—Fort Worth Jan. 15, 2026, pet. ref'd) (mem. op., not designated for publication). We rejected Cole's argument, stating that while "[a] layperson has a right to self-representation, *see Faretta v. California*, 422 U.S. 806, 819, 95 S. Ct. 2525, 2533 (1975); *Burton v. State*, 634 S.W.2d 692, 694 (Tex. Crim. App. 1982), such a person does not have a right to representation by an unlicensed layperson, *see, e.g.*, Tex. Gov't Code Ann. § 81.102 (regulating who may practice law in Texas)." *Cole*, 2026 WL 119900, at *7; *see Swain v. Dobbs*, 692 S.W.3d 720, 732 (Tex. App.—Corpus Christi–Edinburg 2023, no pet.) (holding that trial court did not err in prohibiting Swain from practicing law as non-attorney representative of pro se litigant). Moreover, a power of attorney does not give a nonlawyer the power to represent somebody in court. *See, e.g.*, *In re Flores*, No. 11-24-00173-CR, 2024 WL 3056108, at *3 (Tex. App.—Eastland June 20, 2024, orig. proceeding) (per curiam) (mem. op.); *In re Bailey*, No. 09-10-00412-CV, 2010 WL 4354021, at *2 (Tex. App.—Beaumont Nov. 4, 2010, orig. proceeding) (per curiam) (mem. op.).

[3]While at times the parties and trial court refer to the March 10 proceeding as a hearing, we will refer to it as a trial, consistent with the court's written order.

$1,564 in monthly child support, and changed B.C.'s last name. The following day, the trial court clerk notified Cole of the entry of the final order.

A "Motion to Set Aside Default Judgment" was timely filed. *See* Tex. R. Civ. P. 329b. It, along with what was labeled as a verification, was signed only by Swain. The signature line on the motion and "verification" was as follows:

*Swain, darren PoA o APAA Advocate*

swain, darren, sui juris power of attorney and ADAA Advocate for cole, brian
sovereign living soul, holder of the office of "the People"
Inhabitant of the land known as Texas
With full responsibility for my actions
under the Laws of YHWH as found in the Holy Bible
General Post Office, ZIP CODE EXEMPT
c/o P.O. Box 210083
Bedford, Texas [RR 76095]
*non-Domestic Mail, Without the United States, Inc.*

Among other things, the motion alleged that the trial court failed to notify Cole of the March setting, that Waldrop "provided false testimony," and that "Officer Vince Struve falsely testified to police brutality."[4] Nothing in the record indicates that the motion was either set for hearing or ruled upon. *See* Tex. R. Civ. P. 329b(c) (providing that in the event a motion for new trial or motion to modify, correct, or reform a judgment is not determined by written order signed within seventy-five days after the judgment is signed, it shall be considered overruled by operation of law).

---

[4]It is not clear who Officer Struve is, as neither he nor any other police officer testified at the March trial.

4

A timely notice of appeal was filed. Similar to the motion to set aside default judgment, the notice of appeal was signed by Swain[5] as "power of attorney and advocate for brian jacob cole."[6] Eleven days later, a "Statement of Inability to Afford Payment of Court Costs" was filed, which was signed only by Swain.[7] Cole later filed his appellate brief.[8]

## III. DISCUSSION

Raising four issues, Cole complains that (1) "the trial court abuse[d] its discretion by denying [his] motion to set aside the default judgment where [his] non-appearance was unintentional due to lack of notice from incarceration and non-receipt of the final order" and where he presented a meritorious defense; (2) the "default judgment violate[d] due process by failing to provide notice of the final hearing to an incarcerated party . . . , notice of the signed judgment, . . . , and service . . . rendering it

---

[5]We later notified Cole by letter that because he is not represented by counsel, all documents that he filed in court must be signed by him personally. Thereafter, he filed an amended notice of appeal and acknowledged that the original notice of appeal was filed by his "ADA advocate and Power of Attorney Darren Swain."

[6]While it is arguable that the motion to set aside the default judgment and the original notice of appeal that was signed only by Swain were ineffective, *see* Tex. R. App. P. 9.1(b) ("A party not represented by counsel must sign any document that the party files."); *Paselk v. Rabun*, 293 S.W.3d 600, 606 (Tex. App.—Texarkana 2009, pet. denied), we proceeded with the appeal consistent with the supreme court's general approach of resolving cases on the merits and preserving appellate rights when possible. *See In re Est. of Wheatfall*, 729 S.W.3d 788, 793 n.3 (Tex. 2026).

[7]Later, Cole filed a one-page document entitled "Affidavit of Indingency [sic]."

[8]Waldrop did not file an appellate brief.

void"; (3) the trial court lacked jurisdiction "due to ignored mandatory recusal procedures"; and (4) the trial court "err[ed] in denying venue transfer, imputing income without evidence or incarceration adjustment, changing the child's name without notice, and entering orders based on incomplete records and counsel conflict." With regard to most of Cole's issues, they are unsupported by citation to applicable authority, contradicted by the record, unpreserved, or inadequately briefed. However, while his briefing is inadequate, we attempt to "reach the merits of an appeal whenever reasonably possible." *Perry v. Cohen*, 272 S.W.3d 585, 587 (Tex. 2008). Therefore, to the extent possible, we will do that below.

## A. Motion to Set Aside the Default Judgment

In his first two issues, Cole appears to argue that the trial court abused its discretion by denying his motion to set aside the default judgment. *See* Tex. R. App. P. 38.1(f), 38.9 (directing appellate courts to liberally construe briefs and address every issue fairly included within a point presented for review). Cole's complaints center around the alleged lack of notice of the trial setting and subsequent lack of notice of the judgment. He also appears to contend that his request for a continuance should have been granted. We reject his complaints for several reasons.

First, the record reflects that Cole was given notice of the trial setting. On November 25, 2024, the court signed an order setting this case for a bench trial on March 10, 2025, at 9:00 a.m. In addition, the trial court's judgment reflects that Cole "personally appeared on November 25, 2024[,] for a scheduling conference to set

6

[the] final trial in this matter for March 10, 2025[,] at 9:00 a.m." Moreover, while Cole complains he did not receive notice of the trial setting, his motion to set aside the default judgment reflects otherwise. Attached to his motion as Exhibit B was a copy of his March 7, 2025 email to two Wise County individuals stating, "I am requesting a continuance, that [the] hearing on Monday 10th of March at 9:00 am be moved to a later date." In his appellate brief, Cole confirms that he knew about the trial setting and requested a continuance when he states that he "emailed [the] continuance request [on] March 7, 2025."

Second, the record reflects that Cole was also given notice of the final judgment. On May 1, 2025, the district clerk's office mailed a "Notice of Court Order" to Cole, stating that the final order in the SAPCR was filed with the clerk and entered into the minutes of the court on May 1, 2025. *See* Tex. R. Civ. P. 239a (requiring clerk to immediately send written notice of default judgment to party against whom judgment was rendered), 306(a)(3) (requiring clerk to immediately send notice of final judgment or other appealable order to parties). Moreover, the record belies the contention that no notice was given because Cole timely filed his motion to set aside the judgment.

Third, Cole's request for a continuance is based only on an email request that the case be continued. Because the request for a continuance was neither verified nor

7

supported by affidavit,[9] the trial court did not abuse its discretion by denying the request. *See* Tex. R. Civ. P. 251 (stating that no application for a continuance shall be granted except for "sufficient cause supported by affidavit, or by consent of the parties, or by operation of law"); *see also Finley v. Finley*, No. 02-11-00045-CV, 2015 WL 294012, at *11 (Tex. App.—Fort Worth Jan. 22, 2015, no pet.) (per curiam) (mem. op.) (stating that if a motion for continuance is not verified or supported by affidavit, we presume that the trial court did not abuse its discretion by denying it).

Fourth, to the extent that Cole is now raising a due process challenge to the denial of his request for a continuance, such a complaint was not apparent from the context of his email. *See In re D.K.*, 696 S.W.3d 787, 793–94 (Tex. App.—Eastland 2024, no pet.) (stating that while the father requested a continuance, he failed to make the trial court aware of his constitutional complaint and, therefore, presented nothing for review); *see also* Tex. R. App. P. 33.1 (stating that to preserve a complaint for appellate review, a party must present to the trial court a timely request, objection, or motion that states the specific grounds for the relief sought and obtain a ruling). Because he failed to make the trial court aware of his constitutional complaint, Cole presents nothing for our review.

---

[9]Section 132.001(e) of the Civil Practice and Remedies Code permits inmates to file an unsworn declaration in lieu of an affidavit. Tex. Civ. Prac. & Rem. Code Ann. § 132.001(e); *see, e.g.*, *Matthews v. S.R.*, No. 01-21-00019-CV, 2022 WL 3650110, at *2, n.3 (Tex. App.—Houston [1st Dist.] Aug. 25, 2022, no pet.) (mem. op.). In addition to failing to verify his request for a continuance or to file an affidavit supporting the request, Cole did not file an unsworn declaration in lieu of an affidavit.

For all of these reasons, we hold that the trial court did not abuse its discretion by not setting aside the default judgment. We overrule Cole's first and second issues.

## B. Recusal Complaint

In his third issue, Cole complains that the trial court "lack[ed] jurisdiction under the UCCJEA and due to ignored mandatory recusal procedures" after a "timely second recusal motion."[10] *See* Tex. R. Civ. P. 18a.

The argument section of Cole's brief addresses his third issue in one paragraph:

> Second recusal motion August 13, 2024—mandatory referral within 3 days (Tex. R. Civ. P. 18a(e)(1)). Ignored under July 18, 2025 order until Smith filed an order of referral in direct violation of TRCP 18a(c)(2). All acts void (Freedom Commc'ns, 372 S.W.3d at 624). Bias since 2018—antagonism, denied hearing rights. Tex. Gov't Code § 74.053. Abuse to deny (Dow Chem., 46 S.W.3d at 240).

In his brief's "Statement of the Case," Cole states that "on August 13, 2024, a motion to disqualify [the trial judge] was filed and ignored" and that a second motion to disqualify was filed in July 2025. However, neither a motion to recuse nor a motion to disqualify appears in the clerk's record. Rather, the only reference to a recusal is an "Order of Voluntary Recusal and Order Transferring Case" that was signed by the judge of the county court at law. That order transferred the case to the district court, which was the trial court that entered the final order. The lack of any recusal motion

---

[10]While not clear in his brief, we assume "UCCJEA" is a reference to the Uniform Child Custody Jurisdiction and Enforcement Act. *See* Tex. Fam. Code Ann. § 152.101.

9

in the record coupled with Cole's briefing deficiencies leaves us unable to discern the substance of his third issue.

The Texas Rules of Appellate Procedure require adequate briefing, and the failure to comply with these rules can result in waiver. *See* Tex. R. App. P. 38.1; *Bertucci v. Watkins*, 709 S.W.3d 534, 541 (Tex. 2025); *Ross v. St. Luke's Episcopal Hosp.*, 462 S.W.3d 496, 500 (Tex. 2015). Although Cole is pro se, pro se appellants are held to the same standards as licensed attorneys and must comply with the applicable laws and rules of procedure; otherwise, pro se parties "would be given an unfair advantage over [parties] represented by counsel." *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978) ("There cannot be two sets of procedural rules, one for litigants with counsel and the other for litigants representing themselves."). Appellants, whether pro se or represented by counsel, must properly present their appeal in accordance with the Texas Rules of Appellate Procedure. *Flores v. Off. Depot, Inc.*, No. 02-10-00311-CV, 2011 WL 2611140, at *2 (Tex. App.—Fort Worth June 30, 2011, no pet.) (mem. op.).

To present an issue to this court, a party's brief shall contain, among other things, "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." Tex. R. App. P. 38.1(i); *see ERI Consulting Eng'rs, Inc. v. Swinnea*, 318 S.W.3d 867, 880 (Tex. 2010) (recognizing that "[t]he Texas Rules of Appellate Procedure require adequate briefing"). As the reviewing court, we are not required to search the appellate record, with no guidance from the briefing

party, to determine if the record supports the party's argument. *Hall v. Stephenson*, 919 S.W.2d 454, 466–67 (Tex. App.—Fort Worth 1996, writ denied). Nor are we required to "become advocates for a particular litigant" by performing our own research and developing arguments for that litigant. *Perkins v. Hicks*, No. 02-19-00207-CV, 2020 WL 7393334, at *1 (Tex. App.—Fort Worth Dec. 17, 2020, no pet.) (per curiam) (mem. op.) (quoting *Tello v. Bank One, N.A.*, 218 S.W.3d 109, 116 (Tex. App.—Houston [14th Dist.] 2007, no pet.)); *see Ihnfeldt v. Reagan*, No. 02-14-00220-CV, 2016 WL 7010922, at *9 (Tex. App.—Fort Worth Dec. 1, 2016, pet. denied) (mem. op.) ("It is an appellant's burden to discuss his assertions of error, and appellate courts have no duty—or even the right—to perform an independent review of the record and the applicable law to determine whether there was error.").

Moreover, an appellant must identify and explain how the trial court erred. *Gunderson v. Nat'l Indoor RV Ctrs., LLC*, No. 02-24-00025-CV, 2024 WL 3365233, at *2 (Tex. App.—Fort Worth July 11, 2024, pet. denied) (mem. op.). An essential part of that burden is the appellant's responsibility to "present argument that will enable the [appellate] court to decide the case" by filing a brief that "state[s] . . . the facts . . . supported by record references" and "contain[s] a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." Tex. R. App. P. 38.1(g), (i), 38.9; *see Gunderson*, 2024 WL 3365233, at *2. An inadequately briefed issue may not preserve error on appeal. Tex. R. App. P. 38.9; *see Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284–85 (Tex. 1994) (recognizing that

11

error may be waived due to inadequate briefing); *Huey v. Huey*, 200 S.W.3d 851, 854 (Tex. App.—Dallas 2006, no pet.) (holding that "[f]ailure to cite applicable authority or provide substantive analysis waives an issue on appeal"); *WorldPeace v. Comm'n for Law. Discipline*, 183 S.W.3d 451, 460 (Tex. App.—Houston [14th Dist.] 2005, pet. denied) (similar); *Devine v. Dallas Cnty.*, 130 S.W.3d 512, 513–14 (Tex. App.—Dallas 2004, no pet.) (similar).

We have attempted to review Cole's briefing on his third issue, but we cannot ascertain the complaint that he intends for us to address because his arguments are not discernible and contain no citations to the record and no appropriate citations to legal authority. Because we are unable to evaluate the merits of his third issue, we hold that it is waived. *See Gray v. Nash*, 259 S.W.3d 286, 294 (Tex. App.—Fort Worth 2008, pet. denied); *see also In re Guardianship of Onyebuchi*, No. 02-13-00401-CV, 2014 WL 4463114, at *2 (Tex. App.—Fort Worth Sept. 11, 2014, pet. denied) (mem. op.) (recognizing that "arguments raised on appeal that are unsupported by analysis or appropriate citation to legal authority and to the record present nothing for us to review").

We overrule Cole's third issue.

## C. Venue and Evidence Complaints

In his fourth issue, Cole contends that the trial court erred in denying his request to transfer venue as well as "imputing income without evidence or

incarceration adjustment, changing the child's name without notice, and entering orders based on incomplete records and counsel conflict."

With regard to the part of his fourth issue dealing with the child's name change, Cole's brief complains throughout that

- the order "changed the child's name from [B.C.] to [B.V.] without notice or consent";

- the "[c]hild's name changed to [B.V.] without notice, consent, or best-interest finding—violating Tex. Fam. Code § 45.002, § 160.636(e)";

- the "name change [is] void"; and

- the child's name was "[c]hanged to [B.V.] without notice, consent, or best-interest finding. Tex. Fam. Code § 45.002 requires notice; § 160.639(e) presumes father's name. Void."

For the first time at trial, Waldrop requested that B.C.'s last name be changed on his birth certificate because of Cole's failure to support the child either before or after he was born. The trial court granted the name change, finding "that the evidence supports the fact that the child has never actually been known to have an association with the father with that last name of Cole" and that it would be in the child's best interest to have the requested name change. However, Waldrop never filed pleadings requesting the name change.

13

An application to change the name of a child is controlled by Subchapter A of Chapter 45 of the Texas Family Code. *See* Tex. Fam. Code Ann. § 45.001–.005; *In re A.J.P.*, No. 05-07-01772, 2009 WL 369478, at *2 (Tex. App.—Dallas Feb. 17, 2009, no pet.) (mem. op.). The Family Code requires that a petition to change the name of a child be verified and include certain information. Tex. Fam. Code Ann. § 45.002. Because Waldrop did not seek a name change in her pleadings, this part of the final order is erroneous. *See* Tex. R. Civ. P. 301; *see also Willingham v. Willingham*, No. 02-22-00398-CV, 2023 WL 4501832, at *4–5 (Tex. App.—Fort Worth July 13, 2023, no pet.) (mem. op.). We sustain this part of Cole's fourth issue.

As far as the remainder of his fourth issue, Cole states that he filed a motion to transfer venue, but no such motion appears in the record. And his entire argument regarding these matters is set out in one paragraph:

> Transcripts missing November 6/25, 2024; reporter's record incomplete despite multiple requests (Tex. R. App. P. 34.6). Presume harm (In re C.J.S., 2024 WL 1163671, at *6). Clerk failed duties (Tex. R. App. P. 35.3). VI. Additional errors
> * Venue: Due process right to convenient forum (In re Prudential, 148 S.W.3d at 136).

Again, Cole does not cite to applicable authority, discuss the evidence, provide references to the reporter's record or clerk's record, or explain exactly what his complaint is. *See* Tex. R. App. P. 38.1(i). For all of these reasons and as explained above, we hold that, with the exception of the complaint about the child's name change, Cole has waived his fourth issue by inadequate briefing. *See id.*; *Byrd v. Bellis*

14

*5312 Land Tr.*, No. 02-24-00246-CV, 2025 WL 1600211, at *1 (Tex. App.—Fort Worth June 5, 2025, no pet.) (mem. op.).[11]

We overrule all of Cole's fourth issue except the complaint concerning the part of the order changing the child's name.

## IV. CONCLUSION

Having sustained part of Cole's fourth issue, we delete the part of the order changing the child's name. But having overruled Cole's first, second, third, and the remainder of the fourth issues, we affirm the trial court's order as modified.

/s/ Dana Womack

Dana Womack
Justice

Delivered: April 16, 2026

---

[11]We note that Waldrop testified at trial about expenses she had incurred before and after B.C.'s birth, Cole's income, his criminal history, and other matters relating to B.C. and Cole. According to Waldrop, Cole had not had any interactions with B.C. since he was born. However, while living with Cole before B.C.'s birth, she was aware of Cole's employment and income, which included his having a contractor-roofing company and racing boats. According to Waldrop, Cole "was making over about $10,000 a month easy." In addition, Waldrop was familiar with Cole's divorce case heard about one month earlier—and which she attended—where there was a finding that his net resources exceeded $9,200 a month and that he pay maximum guideline child support. In that case, Cole was ordered to pay $2,300 a month for the support of two children. Moreover, Waldrop testified that, after this case was filed, Cole was charged with various crimes in Tarrant, Denton, and Wise counties and that he bonded out at least four times, with the bonds totaling over a hundred thousand dollars and Cole "pa[ying] over a hundred thousand himself" in cash assurances.