Kenneth D. Carden, Stuart E. Parker, Dallas, for appellant.

Henry Wade, Former Dist. Atty., and John Tatum, Greg Davis and Michael Patterson, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

**Loran Wade MAY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 59648.**

Court of Criminal Appeals of Texas, En Banc.

Feb. 22, 1989.

OPINION ON APPELLANT'S MOTION
FOR REHEARING EN BANC

TEAGUE, Judge.

The original panel opinion of this Court in this cause is withdrawn and the following substituted therefore.

This is a motion for rehearing filed on behalf of Loran Wade May, henceforth appellant, pursuant to former Art. 44.33, Rule 12, V.A.C.C.P.[1] A jury found appellant guilty of the Class B misdemeanor offense of harassment, alleged to have occurred on May 27, 1977, and assessed a $10.00 fine.[2]

---

**1.** All steps to perfect this motion for rehearing were completed before the Texas Rules of Appellate Procedure became effective on September 1, 1986.

**2.** The information in pertinent part alleges that appellant:

... on or about the 27 day of May A.D., 1977,
... did unlawfully then and there intentionally communicate by telephone to John Wayne

See V.T.C.A., Penal Code Sec. 42.07, prior to amendment in 1983.

Appellant's conviction was affirmed by a panel of this Court in an unpublished per curiam opinion. See *May v. State*, 609 S.W.2d 548 (Tex.Cr.App.1980).[3] The panel opinion relied upon this Court's majority decision of *Kramer v. State*, 605 S.W.2d 861 (Tex.Cr.App.1980) (on State's motion for rehearing), as its authority. In *Kramer v. State*, supra, a majority of this Court held that the statute, as it then existed, was not unconstitutional for being impermissibly vague and overbroad. However, in *Kramer v. Price*, 712 F.2d 174 (5th Cir. 1983), the Fifth Circuit Court of Appeals declared the statute unconstitutional as being too vague.

It is axiomatic that vague laws offend the Federal Constitution by allowing arbitrary and discriminatory enforcement, by failing to provide fair warning, and by inhibiting the exercise of First Amendment freedoms. See *Coates v. City of Cincinnati*, 402 U.S. 611, 91 S.Ct. 1686, 29 L.Ed. 2d 214 (1971); *Grayned v. City of Rockford*, 408 U.S. 104, 92 S.Ct. 2294, 33 L.Ed. 2d 222 (1972); and *Kolender v. Lawson*, 461 U.S. 352, 103 S.Ct. 1855, 75 L.Ed.2d 903 (1983).

Because we find appellant's second ground for rehearing is dispositive of this case it is unnecessary for us to address appellant's first and third grounds for rehearing.[4]

Appellant asserts in his second ground for rehearing that V.T.C.A., Penal Code § 42.07(a)(1), as it existed when he allegedly committed the offense of harassment, is unconstitutional because: 1) § 42.07(a)(1)

is overbroad in that it attempts to regulate speech protected by the First and Fourteenth Amendments to the United States; and 2) § 42.07(a)(1) is vague and indefinite because there is no objective standard to measure the level of annoyance or alarm prohibited. We agree with appellant that the statute is vague and thus unconstitutional.[5]

Sec. 42.07(a)(1), supra, prior to amendment in 1983, provided:

(a) A person commits an offense if he intentionally:

(1) communicates by telephone or in writing in vulgar, profane, obscene, or indecent language or in a coarse and offensive manner and by this action intentionally, knowingly, or recklessly annoys or alarms the recipient;

(2) threatens, by telephone or in writing, to take unlawful action against any person and by this action intentionally, knowingly, or recklessly annoys or alarms the recipient or intends to annoy or alarm the recipient; or

(3) places one or more telephone calls anonymously, at an unreasonable hour, in an offensive and repetitious manner, or without a legitimate purpose of communication and by this action intentionally, knowingly, or recklessly annoys or alarms the recipient or intends to annoy or alarm the recipient.

(b) For purposes of Subsection (a)(3) of this section, a person places a telephone call as soon as he dials a complete telephone number, whether or not a conversation ensues.

(c) An offense under this section is a

---

Looper, in vulgar, profane, obscene and indecent language and in a course and offensive manner, and by this action *this Defendant did intentionally and knowingly annoy and alarm the recipient of said communication*. (emphasis supplied)

**3.** None of the members of the panel are still members of this Court.

**4.** In appellant's first ground for rehearing he contends his conviction should not be permitted to stand because to convict him on the facts of this cause would clearly violate the First Amendment to the United States Constitution as

applied through the Fourteenth Amendment to the United States Constitution. In appellant's third ground for rehearing, he asserts that it was error for the trial judge to refuse to instruct the jury that § 42.07(a)(1) can only be constitutionally applied to "fighting words." Our finding on the issue of constitutional vagueness precludes the need to address these arguments.

**5.** Our finding on the issue of vagueness also precludes the need for us to address the appellant's argument with respect to overbreadth.

Class B misdemeanor.[6]

In *Kramer v. Price*, supra, the Fifth Circuit Court of Appeals, in deciding whether § 42.07 (before it was amended) was unconstitutional because it was too vague, stated and held the following:

> The Texas courts have made no attempt to construe the terms "annoy" and "alarm" in a manner which lessens their inherent vagueness. Of greater importance, the Texas courts have refused to construe the statute to indicate whose sensibilities must be offended. See *Kramer v. State*, 605 S.W.2d 861 (Tex. Cr.App.1980).... In the absence of judicial clarification, enforcement officials, as well as the citizens of Texas, are unable to determine what conduct is prohibited by the statute.... By failing to provide reasonably clear guidelines, § 42.07 gives officials unbounded discretion to apply the law selectively and subjects the exercise of the right to speech to an unascertainable standard. Accordingly, we hold that the Texas Harassment Statute is unconstitutional on its face for vagueness.

We also hold that the inherent vagueness of the statute as it then existed, in attempting to define what annoys and alarms people, and its failure to specify whose sensitivities are relevant, causes it to be unconstitutionally vague.

Appellant's motion for rehearing is granted, appellant's conviction is reversed, and the prosecution is ordered dismissed.

McCORMICK, P.J., dissents.

6. The date appellant allegedly committed the offense was May 27, 1977. V.T.C.A., Penal Code § 42.07, as amended, became effective September 1, 1983.

The present statute provides:

(a) A person commits an offense if, with intent to harass, annoy, alarm, abuse, torment, or embarrass another, he:

(1) initiates communication by telephone or in writing and in the course of the communication makes a comment, request, suggestion, or proposal that is obscene;

(2) threatens, by telephone or in writing, in a manner reasonably likely to alarm the person receiving the threat, to inflict serious bodily injury of the person or to commit a felony against the person, a member of his family, or his property;

(3) conveys, in a manner reasonably likely to alarm the person receiving the report, a false report, which is known by the conveyor to be false, that another person has suffered death or serious bodily injury;

(4) causes the telephone of another to ring repeatedly or makes repeated telephone communications anonymously or in a manner reasonably likely to harass, annoy, alarm, abuse, torment, embarrass, or offend another;

(5) makes a telephone call and intentionally fails to hang up or disengage the connection; or

(6) knowingly permits a telephone under his control to be used by a person to commit an offense under this section.

(b) For purposes of Subsection (a)(1) of this section, "obscene" means containing a patently offensive description of or a solicitation to commit an ultimate sex act, including sexual intercourse, masturbation, cunnilingus, fellatio, or anilingus, or a description of an excretory function.

(c) An offense under this section is a Class B misdemeanor.

The amendment provides that an offense committed before the effective date of this Act is covered by the law as it existed when the offense was committed, and the former law is continued in effect for that purpose. Thus, the statute as it existed on the date when appellant allegedly committed the offense controls.