Michael Evan **BADER**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 13–88–404–CR.

Court of Appeals of Texas,
Corpus Christi.

June 29, 1989.

John T. Quinn, Bryan, for appellant.

Jim Kuboziak, Bryan, for appellee.

Before NYE, C.J., and DORSEY and
KENNEDY, JJ.

OPINION

DORSEY, Justice.

A jury found appellant, Michael Bader,
guilty of telephone harassment and as-
sessed a probated sentence of 180 days in
jail plus a $1,000.00 fine. Appellant now
challenges the trial court's judgment by
three points of error. We affirm.

By his third point of error, appellant
contends that the statute upon which his
conviction is based, Tex.Penal Code Ann.
§ 42.07 (Vernon Supp.1989), is unconstitu-
tionally vague and overbroad.

In *May v. State*, 765 S.W.2d 438, 440
(Tex.Crim.App.1989), the Court of Criminal
Appeals held that section 42.07, *prior to
amendment in 1983*, was unconstitutional.
That former law reads, in pertinent part:

(a) A person commits an offense if he
intentionally:

\*   \*   \*   \*   \*   \*

(2) threatens, by telephone or in writing,
to take unlawful action against any per-
son and by this action intentionally,
knowingly, or recklessly annoys or
alarms the recipient or intends to annoy
or alarm the recipient, or

(3) places one or more telephone calls
anonymously, at an unreasonable hour,
in an offensive and repetitious manner,
or without a legitimate purpose of com-
munication and by this action intentional-
ly, knowingly, or recklessly annoys or
alarms the recipient.

The *May* Court, citing *Kramer v. State*,
605 S.W.2d 861 (Tex.Crim.App.1980), con-
cluded that the statute was void for vague-
ness because of its failure to 1) adequately
define what annoys and alarms people and
2) specify whose sensitivities must be of-
fended. *May*, 765 S.W.2d at 440.

Section 42.07 was amended in 1983 and now reads as follows:

(a) A person commits an offense if, with intent to harass, annoy, alarm, abuse, torment, or embarrass another, he:

\* \* \* \* \* \*

(2) threatens, by telephone or in writing, in a manner reasonably likely to alarm the person receiving the threat, to inflict serious bodily injury on the person or to commit a felony against the person, a member of his family, or his property;

(3) conveys, in a manner reasonably likely to alarm the person receiving the report, a false report, which is known by the conveyor to be false, that another person has suffered death or serious bodily injury;

(4) causes the telephone of another to ring repeatedly or makes repeated telephone communications anonymously or in a manner reasonably likely to harass, annoy, alarm, abuse, torment, embarrass, or offend another;

It is apparent that the legislature, in amending section 42.07, corrected the defects of the former statute. The new law clearly delineates "what alarms people." Such actions include threatening a person or member of his family with serious bodily injury, and falsely reporting the death or injury of another. The statute also defines "annoy" as the act of making repeated telephone communications or allowing the telephone to ring repeatedly. In addition, section 42.07 specifies whose sensitivities are relevant; it does so by providing that the foregoing actions, to be unlawful, must be performed "in a manner reasonably likely" to "annoy" or "alarm" the person receiving the call. We conclude that the amended section 42.07 (which applies to the instant offense committed on January 14, 1988), is not unconstitutionally vague or overbroad. Point three is overruled.

■ Appellant argues by his first point of error that the evidence is insufficient to establish that he made telephone calls to the complainant, Cynthia Snyder, "with intent to harass, annoy, alarm, abuse, torment, or embarrass" her. In reviewing the sufficiency of the evidence, an appellate court looks at all the evidence in the light most favorable to the verdict or judgment and determines whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Butler v. State*, 769 S.W.2d 234 (Tex.Crim.App.1989) (not yet reported).

The intent of the accused is ordinarily determined not by direct proof but rather is inferred from circumstantial evidence. *Garcia v. State*, 649 S.W.2d 70, 72 (Tex. App.—Corpus Christi 1982, no pet.); *Dillon v. State*, 574 S.W.2d 92, 94 (Tex.Crim.App. 1978). That is, intent may be determined from the accused's words, actions and conduct. *Price v. State*, 410 S.W.2d 778, 780 (Tex.Crim.App.1967).

At trial, Snyder testified that appellant moved into her house after answering her ad for a roommate. She asked appellant to leave after three weeks. Subsequently, appellant began telephoning her repeatedly. On January 13, 1988, he called Snyder a total of fifteen times. He called two more times on January 14. On January 15, appellant called twelve times; he allowed the phone to ring over thirty times during the last call. Snyder stated that each time she spoke with appellant, she told him to leave her alone and then hung up. She further stated that the calls were very disturbing, annoying and upsetting to her.

Also testifying for the State was Daryl Chester, a friend of Snyder. Chester stated that he was with Snyder on three separate occasions when she received telephone calls from the appellant. He observed Snyder as being very angry and upset at receiving the calls; she repeatedly told appellant, "Quit calling me. Leave me alone. Why can't you get the hint? I don't want to see you."

Appellant took the stand and testified that he and Snyder had become romantically involved while living together; that he made phone calls to Snyder after moving out in order to "try to clear the air" and make up their differences; and that on January 14, 1988, the date of the offense as alleged in the information, he called Snyder in order to apologize to her and ask for her

forgiveness. He denied having made any calls with the intention of annoying or harassing Snyder.

The jury, as sole judge of the credibility of witnesses, was entitled to believe the testimony of Snyder and Chester and disbelieve that of appellant. *See Penagraph v. State,* 623 S.W.2d 341, 343 (Tex.Crim.App. 1981). It was further entitled to infer an intent to "annoy" and "harass" from the conduct of the appellant, i.e. his repeated placement of calls and ringing of Snyder's telephone after being told to desist. Finding the evidence sufficient to establish intent, we overrule point of error one.

By his second point, appellant asserts that the trial court erred in refusing to include in its charge a requested instruction on the "law of legitimate communication."

Prior to amendment, Tex.Penal Code Ann. § 42.07(a)(3) (Vernon 1974) provided:

(a) a person commits an offense if he intentionally:

\*      \*      \*      \*      \*      \*

(3) places one or more telephone calls anonymously, at an unreasonable hour, in an offensive and repetitious manner, or *without a legitimate purpose of communication* and by this action intentionally, knowingly, or recklessly annoys or alarms the recipient or intends to annoy or alarm the recipient. (emphasis added).

As previously stated, the 1974 version of section 42.07 was declared unconstitutional in *May v. State.* In amending section 42.07 in 1983, the legislature deleted the "legitimate purpose of communication" language, presumably because of its vagueness. Therefore, an instruction relating to this language would not be justified under the current statute. We overrule point two.

The judgment of the trial court is AFFIRMED.