**Jeffrey Allen DeWILLIS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 14–96–01486–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Aug. 21, 1997.

Terry G. Collins, John R. Donahue, Houston, for appellant.

Julie Kilbert, Houston, for appellee.

Before SAM ROBERTSON, CANNON and SEARS, JJ.*

## OPINION

SAM ROBERTSON, Justice (Assigned).

Appellant, Jeffrey Allen DeWillis, appeals the denial of an application for a writ of habeas corpus. In a single point of error, appellant claims TEX. PENAL CODE ANN. § 42.07 (Vernon 1994), the Texas Harass-

* Panel sitting by assignment.

ment Statute, is unconstitutionally vague on its face in violation of the First and Fourteenth Amendments of the United States Constitution. We affirm.

## I. Background

In 1994, appellant was charged with the offenses of telephone harassment and stalking under TEX. PENAL CODE ANN. §§ 42.07(a)(4) and (a)(7)(A), respectively. Appellant received probation for both offenses. The State subsequently moved to revoke appellant's probation. In March 1996, after a hearing, the trial court revoked appellant's probation on the telephone harassment charge and sentenced him to 150 days incarceration in the Harris County Jail, but continued appellant's probation for the stalking charge. Appellant appealed the revocation of his probation for telephone harassment. On October 1, 1996, during the pendency of his appeal, appellant filed an application for a writ of habeas corpus challenging the constitutionality of § 42.07 on the basis of the Texas Court of Criminal Appeals' recent holding in *Long v. State* that the stalking provision of the statute, § 42.07(a)(7)(A), was unconstitutionally vague on its face. 931 S.W.2d 285 (Tex. Crim.App.1996). On November 26, 1996, the trial court held a hearing on appellant's application. The trial court granted appellant's application to the extent of the stalking conviction. Although appellant argued that the telephone harassment portion of the statute is unconstitutional under the reasoning of *Long,* the trial court disagreed and denied appellant's application with respect to his conviction for telephone harassment. Appellant now appeals the denial of his application on the telephone harassment conviction.

## II. Texas Harassment Statute

Appellant's sole point of error is the Texas Harassment Statute, TEX. PENAL CODE ANN. § 42.07 is unconstitutionally vague on its face in violation of the First and Fourteenth Amendments of the United States Constitution.

■ Whenever an attack upon the constitutionality of a statute is presented for determination, we commence with the pre-

sumption that such statute is valid and that the legislature has not acted unreasonably or arbitrarily in enacting the statute. *Cotton v. State,* 686 S.W.2d 140, 144 (Tex.Crim.App. 1985); *Ex parte Granviel,* 561 S.W.2d 503, 511 (Tex.Crim.App.1978). The burden rests on the individual who challenges the statute to establish its unconstitutionality. *Cotton,* 686 S.W.2d at 145. *Morris v. State,* 833 S.W.2d 624, 627 (Tex.App.—Houston [14th Dist.] 1992, pet. ref'd), *cert. denied,* 507 U.S. 961, 113 S.Ct. 1387, 122 L.Ed.2d 762 (1993). It is the duty of the court to uphold the statute if a reasonable construction of the statute at issue can be determined which will render it constitutional and carry out the legislative intent. *Ely v. State,* 582 S.W.2d 416, 419 (Tex.Crim.App.1979); *Morris,* 833 S.W.2d at 627

■ The standard for determining whether a statute is void for vagueness is well-settled:

A statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must guess as to its meaning and differ as to its application lacks the first essential of due process. A law must be sufficiently definite that its terms and provisions may be known, understood and applied; otherwise, it is void and unenforceable.

*Cotton,* 686 S.W.2d at 145 (citations omitted). Thus, a statute is unconstitutionally void for vagueness only when no standard of conduct is specified at all or when no core of prohibited activity is defined. *Briggs v. State,* 740 S.W.2d 803, 806 (Tex.Crim.App.1987).

■ When a vagueness challenge involves First Amendment concerns, the statute may be held facially invalid even though it may not be unconstitutional as applied to the appellant's conduct. *Long,* 931 S.W.2d at 288 Where no First Amendment rights are involved, however, the court need only examine the statute to determine whether it is impermissibly vague as applied to the appellant's specific conduct. *Bynum v. State,* 767 S.W.2d 769, 774 (Tex.Crim.App.1989). Accordingly, it is the appellant's burden to establish that the statute is unconstitutional as

applied to him; that it might be unconstitutional to others is not sufficient. *Id.*

■ Section 42.07 provides:

(a) A person commits an offense if, with intent to harass, annoy, alarm, abuse, torment, or embarrass another, he:

\*  \*  \*  \*  \*  \*

(2) threatens, by telephone or in writing, in a manner reasonably likely to alarm the person receiving the threat, to inflict serious bodily injury on the person or to commit a felony against the person or to commit a felony against the person, a member of his family, or his property;

(3) conveys, in a manner reasonably likely to alarm the person receiving the report, a false report, which is known by the conveyor to be false, that another person has suffered death or serious bodily injury;

(4) causes the telephone of another to ring repeatedly or makes repeated telephone communications anonymously or in a manner reasonably likely to harass, annoy, alarm, abuse, torment, embarrass, or offend another.

TEX. PENAL CODE ANN. § 42.07.

The above statute is the 1983 amended version of § 42.07[1], which the Fifth Circuit Court of Appeals, in *Kramer v. Price,* found unconstitutionally vague. 712 F.2d 174 (5th Cir.1983), *rehearing en banc granted,* 716 F.2d 284 (5th Cir.), *aff'd,* 723 F.2d 1164 (5th Cir.1984). The pre–1983 harassment statute provided:

(a) A person commits an offense if he intentionally:

(1) communicates by telephone or in writing in vulgar, profane, obscene language or in a coarse and offensive manner and by this action and by this action intentionally, knowingly, or recklessly annoys or alarms the recipient;

(2) threatens, by telephone or in writing, to take unlawful action against any person and by this action intentionally and knowingly, or recklessly annoys or alarms the recipient or intends to annoy or alarm the recipient; or

(3) places one or more telephone calls anonymously, at an unreasonable hour, in an offensive and repetitious manner, or without a legitimate purpose of communication and by this action intentionally, knowingly, or recklessly annoys or alarms the recipient.

Act of September 28, 1973, 63rd Leg., R.S., ch. 399, 1973 Tex. Gen. Laws 883, 956 (amended 1983).

In holding § 42.07 unconstitutional, the *Kramer* court relied on the United States Supreme Court's decision in *Coates v. City of Cincinnati,* 402 U.S. 611, 91 S.Ct. 1686, 29 L.Ed.2d 214 (1971). 712 F.2d at 177–78. In *Coates,* the Supreme Court addressed a Cincinnati city ordinance which provided:

"It shall be unlawful for three or more persons to assemble except at a public meeting of citizens, on any of the sidewalks, street corners, vacant lots, or mouths of alleys, and there conduct themselves in a manner annoying to persons passing by, or occupants of adjacent buildings."

402 U.S. at 611 n. 1, 91 S.Ct. at 1687 n. 1 (quoting Section 901–L6, Code of Ordinances of the City of Cincinnati (1956)). First, the Supreme Court observed that the word "annoy" as used in the Cincinnati ordinance was vague:

Conduct that annoys some people does not annoy others. Thus, the ordinance is vague, not in the sense that it requires a person to conform his conduct to an imprecise but comprehensible normative standard, but rather in the sense that no standard of conduct is specified at all.

*Id.* at 614, 91 S.Ct. at 1688. Second, the Court explained that the Ohio Supreme Court "did not indicate upon whose sensitivity a violation does depend—the sensitivity of the judge or jury, the sensitivity of the arresting officer, or the sensitivity of a hypothetical reasonable man." *Id.*

Following *Coates,* the Fifth Circuit found that the Texas courts had not made any attempt to construe the terms "annoy" and "alarm" in a manner which would make them

---

1. The version of § 42.07 under which appellant was convicted was amended in 1995. Subsection (a)(4), the provision at issue, was not changed in the 1995 amendment.

less vague. *Kramer,* 712 F.2d at 178. Second, the *Kramer* court observed that the Texas courts had not construed the statute to indicate whose sensibilities must be offended. *Id.* Following *Kramer,* the Texas Court of Criminal Appeals subsequently held § 42.07 was unconstitutional. *May v. State,* 765 S.W.2d 438, 440 (Tex.Crim.App.1989).

Recently, the Texas Court of Criminal Appeals in *Long v. State,* held the stalking provision of the harassment statute unconstitutional. The stalking provision provided:

(a) A person commits an offense if, with intent to harass, annoy, alarm, abuse, torment, or embarrass another, he:

\* \* \* \* \* \*

(7)(A) on more than one occasion engages in conduct directed specifically toward the other person, including following that person, that is reasonably likely to harass, annoy, alarm, abuse, torment, or embarrass that person;

(B) on least one of those occasions by acts or words threatens to inflict bodily injury on that person or to commit an offense against that person, a member of that person's family, or that person's property; and

(C) on least one of those occasions engages in the conduct after the person toward whom the conduct is specifically directed has reported to a law enforcement agency the conduct described by this subdivision.

\* \* \* \* \* \*

(e) It is an affirmative defense to prosecution under Subsection (a)(7) of this section that the actor was engaged in conduct that consisted of activity in support of constitutionally or statutorily protected rights.

Act of March 19, 1993, 73rd Leg., R.S, ch. 10, § 1, 1993 Tex. Gen. Laws 46 (amended 1995).

In *Long,* the court noted that § 42.07(a)(7)(A) appeared to have the same defects as those enunciated by the Fifth Circuit in *Kramer.* 931 S.W.2d at 289. The court observed that the words "annoy" and "alarm" were still included in the statute and were joined by the additional words, "harass", "abuse", "torment," and "embarrass,"

which were also susceptible to uncertainties of meaning. *Id.* Thus, the addition of those words did not limit the vagueness originally generated by "annoy" and "alarm." *Id.*

Moreover, although the stalking provision added a requirement that the conduct be "specifically directed" toward a particular person, "(a)(7)(A) cover[ed] *any* conduct in which a person could possibly engage." *Id.* (emphasis in the original). The court found that this was even more expansive than the pre–1983 harassment statute, which proscribed "communications by telephone or in writing." *Id.* Thus, "[a]ny limiting function served by the words 'specifically directed' [was] offset by the expansive coverage of all conduct by the stalking provision." *Id.*

The court further observed that the stalking provision, like the pre–1983 statute, did not include a reasonable person standard. *Id.* at 290. The court observed that the only possible terms suggesting a reasonable person standard were "reasonably likely." *Id.* at 289. The court, however, stated that the words "reasonably likely"alone do not indicate from whose perspective it must determined that an offense occurred. *Id.* Furthermore, the stalking provision contained the words "that person," which specified the perspective as being of that of the complainant rather than a reasonable person. *Id.*

The court, however, recognized that the absence of a reasonable person standard is not necessarily fatal to a statute's constitutionality if other provisions sufficiently define the offense. *Id.* at 290. The court analyzed the United States Supreme Court case of *Colten v. Kentucky,* involving a disorderly conduct statute which provided:

"(1) A person is guilty of disorderly conduct if, with the intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, he:

\* \* \* \* \* \*

(f) Congregates with other persons in a public place and refuses to comply with a lawful order of the police to disperse. . . ."

407 U.S. 104, 108, 92 S.Ct. 1953, 1956, 32 L.Ed.2d 584 (1972) (quoting KY. REV. STAT. § 437.016(1)(f) (Supp.1968)). The Supreme Court found no violation of " '[t]he under

lying principal . . . that no man shall be held criminally responsible for conduct which he could not reasonably understand to be proscribed.'" *Id.* at 110, 92 S.Ct. at 1957 (quoting *United States v. Harriss,* 347 U.S. 612, 617, 74 S.Ct. 808, 812, 98 L.Ed. 989 (1954)).

The Court of Criminal Appeals stated with respect to *Colten,* "[t]he refusal to comply with a lawful order to disperse, combined with an intent to annoy, rendered the statute sufficiently clear to defeat a vagueness challenge." *Long,* 931 S.W.2d at 290. Furthermore, distinguishing the disorderly conduct statute at issue in *Colten* from the stalking provision, the court noted the Kentucky statute required two elements of conduct: 1) congregating in a public place, and 2) refusing to comply with a lawful order to disperse. *Id.* at 291–92. Both elements of conduct involve what is basically a single act—a gathering of people that refuses to disperse. *Id.* at 292. After analyzing the other subsections of the stalking statute, however, the court in *Long* found that there were no limiting factors present to prevent the provision from being vague or to compensate for the lack of the reasonable person standard. *Id.* at 290–95.

The Corpus Christi court of appeals, addressing the constitutionality of the 1983 amended harassment statute, held that the legislature had corrected the defects of the former statute. *Bader v. State,* 773 S.W.2d 769, 770 (Tex.App.—Corpus Christi 1989, pet. ref'd). First, the court found that actions such as threatening a person or a member of his family with serious bodily injury or falsely reporting the death or injury of another clearly "alarms" others. *Id.* Second, the court found that the word "annoy" is defined by the acts of "caus[ing] the telephone of another repeatedly" or "mak[ing] repeated telephone communications anonymously." *Id.* Finally, the court found that the telephone harassment portion of the statute specified whose sensitivities are relevant by providing that in order for the actions to be unlawful they must be performed " 'in a manner reasonably likely' " to " 'annoy' " or " 'alarm' " the person receiving the call. *Id.*

Appellant contends that the 1983 harassment statute still contains the same flaws as the pre–1983 statute. Specifically, appellant argues that the 1983 statute: 1) does not specify whose sensibilities must be offended; 2) has the "reasonably likely" standard which was found in *Long* not sufficient to constitute a reasonable person standard; and 3) fails to define "annoy" and "alarm." Additionally, appellant, pointing out that the pre–1983 statute specified that telephone calls made "without a legitimate purpose of communication" were unprotected, argues that the present statute provides no such guidance or limitation.

We find the 1983 harassment statute specifically defines the conduct necessary to "harass, annoy, alarm, abuse, torment, embarrass, or offend" as "caus[ing] the telephone of another to ring repeatedly" or "mak[ing] repeated telephone communications anonymously." The provision of the statute also contains a reasonable person standard in the word "another." Moreover, it is the recipient of the telephone calls whose sensibilities must be offended. Furthermore, even if there were no reasonable person standard, the offense is sufficiently defined to put the offender on notice that his conduct is unlawful. *See Long,* 931 S.W.2d at 290.

■ Finally, we find no authority supporting the proposition that causing another person's telephone to ring repeatedly or repeatedly making anonymous telephone calls is a constitutionally protected activity under the First Amendment. Because no First Amendment rights are involved, we need only determine whether § 42.07 is impermissibly vague as applied to appellant's conduct. *See Bynum,* 767 S.W.2d at 774 Appellant has failed to explain how the harassment statute is unconstitutional as applied to him. Also, appellant has failed to bring forth a record containing the facts surrounding his conduct for this court to determine whether § 42.07 is vague as applied to him. TEX. R. APP. P. 52.

Therefore, we hold that TEX. PENAL CODE ANN. § 42.07 is not unconstitutionally vague.

Thus, we overrule appellant's point of error.

Accordingly, we affirm the judgment of the trial court.