

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  |  |  |
|---|---|---|
| EX PARTE: MARINDA PALACIOS, | § § § § § § | No. 08-16-00220-CR <br><br> Appeal from the <br><br> County Court at Law No. 7 <br><br> of El Paso County, Texas <br><br> (TC# 2016DCV2587) |

## **O P I N I O N**

Appellant, Marinda Palacios, who was charged with the misdemeanor offense of Failure to Report Felony with Serious Bodily Injury or Death under Texas Penal Code § 38.171, challenges the constitutionality of the statute. Appellant filed a pretrial application for writ of habeas corpus in which she asserted that the failure to report a felony statute is facially unconstitutional for vagueness. The trial court denied relief.[1]

On appeal, Appellant brings the constitutional challenge that she raised below and one other. We find Appellant did not preserve error as to one of the constitutional challenges brought for the first time on appeal and find Section 38.171 is not vague. We affirm.

---

[1] Appellant did not argue that the statute was unconstitutional as applied to her. The trial court's order denying the writ application made clear that it was only ruling on her facially unconstitutional argument and held that Appellant "may re-urge unconstitutionality as applied or any other grounds during the trial[.]"

**FACTUAL AND PROCEDURAL BACKGROUND**

In July 2016, Appellant was charged by information and complaint of violating Section 38.171 of the Texas Penal Code. The complaint affidavit alleged Appellant admitted to an El Paso Police Detective she had witnessed a murder, but out of fear for her safety and life, had not reported it. Appellant allegedly, after witnessing the murder, drove to a hotel to spend the night, and during a time she was unaccompanied, she had an opportunity to report the murder, but she failed to do so. Further, upon returning to her residence, allegedly Appellant also failed to report the murder. The complaint affidavit stated Appellant encouraged her husband not to report the murder.

Appellant filed a pretrial Application for a Writ of Habeas Corpus asserting the statute is facially unconstitutional for vagueness because an "accused is only required to comply based upon what a reasonable person might or might not have done[.]"[2] Further, she argued a potential defendant must make a decision regarding whether reporting would place him or her in danger. The crux of Appellant's argument contends "compliance or non-compliance" is based on a "mythical" reasonable person standard, which causes the vagueness and uncertainty, because, Palacios asserts, how can anyone be certain as to what a reasonable person may or may not do. In addition, she argues the statute is vague because it does not set out when it does not apply. She also claims the statute shifts the burden of proof from the State to a defendant and no affirmative defenses have been permitted under Section 2.04 of the Texas Penal Code. Last, she declares her arrest was without probable cause.

The trial court held a hearing on Appellant's application. Appellant informed the trial

---

[2] *See Ex Parte Thompson,* 442 S.W.3d 325, 333 (Tex.Crim.App. 2014)(a defendant may file a pretrial application for a writ of habeas corpus raising a facial challenge to the constitutionality of the statute he is charged with).

judge only two issues were being litigated, (1) the facial unconstitutionality of the statute; and (2) lack of probable cause for the arrest. Appellant asserted the statute, by virtue of the reasonable person standard, has created vagueness; it does not include a culpable mental state; and has shifted the burden of proof. She also argues the statute is vague regarding a defendant's awareness of serious bodily injury or death.

## DISCUSSION

Appellant brings two points of error. Point of Error No. One is whether Section 38.171 is void for vagueness. Point of Error No. Two is whether Section 38.171 is void for overbreadth.

### *Standard of Review*

Whether a statute is unconstitutional on its face is a question of law that we review *de novo*. *Ex Parte Lo,* 424 S.W.3d 10, 14 (Tex.Crim.App. 2013). We begin with the presumption that the statute is valid and that the legislature has not acted unreasonably or arbitrarily. *Id.* at 14-15. Ordinarily, the party challenging the statute carries the burden to establish the statute's unconstitutionality. *Id.* at 15.

### *Preservation of Error: Is Section 38.171 unconstitutionally overbroad?*

We first address whether Appellant preserved her second point of error for our review. *See* TEX.R.APP.P. 33.1(a)(1). As a general rule, trial counsel must object or otherwise preserve error, even if it is "incurable." *Cockrell v. State,* 933 S.W.2d 73, 89 (Tex.Crim.App. 1996). Absent proper preservation, even constitutional error may be waived. *Wright v. State,* 28 S.W.3d 526, 536 (Tex.Crim.App. 2000).

A defendant may not raise a facial challenge to the constitutionality of a statute for the first time on appeal. *Karenev v. State,* 281 S.W.3d 428, 434 (Tex.Crim.App. 2009). To review an

3

attack on the constitutionality of a statute "as applied," due to vagueness or uncertainty, the complaint must have raised the issue in the trial court or it is waived. *Curry v. State,* 910 S.W.2d 490, 496 n.2 (Tex.Crim.App. 1995)(en banc); *Bader v. State,* 15 S.W.3d 599, 603 (Tex.App.—Austin 2000, pet. ref'd). In *Karenev*, the court explained that there are the following three categories of rights: "(1) absolute requirements or prohibitions, (2) rights that are waivable-only, and (3) rights that can be forfeited." 281 S.W.3d at 434. The court concluded that challenges to the constitutionality of a statute fall within the third category and may be waived and that statutes are "presumed to be constitutional until it is determined otherwise."[3] *Id.*

We find constitutional challenges to a statute of being overbroad also fall into the third category and must be asserted in the trial court or it is waived. In this case, the record is unambiguous, Appellant, in the trial court, failed to raise her constitutional complaint that Section 38.171 is overbroad. Accordingly, Appellant has forfeited this constitutional challenge that was not raised below. We address Appellant's sole remaining constitutional complaint.

*Is Section 38.171 unconstitutionally vague on its face?*

Section 38.171 provides:

(a)     A person commits an offense if the person:

(1)     observes the commission of a felony under circumstances in which a reasonable person would believe that an offense had been committed in which serious bodily injury or death may have resulted; and

(2)     fails to immediately report the commission of the offense to a peace officer or law enforcement agency under circumstances in which:

---

[3] However, if a statute has already been held unconstitutional; the statute is "void ab initio," and there is no valid law to base the conviction on. *Smith v. State,* 463 S.W.3d 890, 896-97 (Tex.Crim.App. 2015); *Ex Parte Chance*, 439 S.W.3d 918, 922 (Tex.Crim.App. 2014)(Cochran, J., concurring)(distinguishing constitutional challenges to a statute that has not been declared void, which may not be raised for the first time on appeal, from requests for relief from a statute that has been declared void, which can be raised for the first time on appeal). Because Section 38.171 has not been held unconstitutional, the exception is not triggered here.

(A)     a reasonable person would believe that the commission of the offense had not been reported; and

(B)     the person could immediately report the commission of the offense without placing himself or herself in danger of suffering serious bodily injury or death.

(b)     An offense under this section is a Class A misdemeanor.

TEX.PENAL CODE ANN. § 38.171.

Appellant challenges the statute as being unconstitutionally vague on its face in the following ways:

1)     an individual must make a determination that a) whether a 'reasonable person' would believe an offense has been committed in which b) whether serious bodily injury or death 'may' have resulted;

2)     the term 'immediately' is undefined and ambiguous; and

3)     an individual must make a determination a) as to whether a 'reasonable person' would believe the offense has or has not been reported and b) whether a 'reasonable person' could report the offense without placing himself in danger of suffering serious bodily injury or death.

The main thrust of her argument is that the "reasonable person" standard is undeterminable and therefore, as a matter of course, the statute is facially vague. Appellant further asserts that Section 38.171(a)(2)(B) is ambiguous and undefined. Appellant also alleges that no culpability requirement can be applied to the statute when serious bodily injury or death may or may not have resulted; or if something may or may not have happened.

*Analysis*

We consider two factors when reviewing a criminal statute for vagueness. First, the statute must give a person of ordinary intelligence a reasonable opportunity to know an act is prohibited. *State v. Holcombe,* 187 S.W.3d 496, 499 (Tex.Crim.App. 2006). The statute in question does not have to be exact, but it does need to give fair notice. *Sanchez v. State,* 995

5

S.W.2d 677, 689 (Tex.Crim.App. 1999). Second, it must provide sufficient guidelines for law-enforcement so as to prevent arbitrary or discriminatory enforcement. *Id.*

A constitutional challenge will be sustained only if the statute is impermissibly vague in every possible application. *Briggs v. State,* 740 S.W.2d 803, 806 (Tex.Crim.App. 1987). Absent a First Amendment complaint, "a facial challenge could be mounted successfully only if the statute were vague in all of its applications." *Long v. State,* 931 S.W.2d 285, 295 (Tex.Crim.App. 1996)(citing *Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.,* 455 U.S. 489, 494–495 (1982)). Therefore, the criminal statute must necessarily be vague as to the challenger and if it is not vague to him, a Due Process complaint fails: a person "who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others." *Village of Hoffman Estates,* 455 U.S. at 495.

A criminal statute is not unconstitutionally vague just because it fails to define words or phrases. *Engelking v. State,* 750 S.W.2d 213, 215 (Tex.Crim.App. 1988). When words are not defined in a statute, they are ordinarily given their plain meaning unless the statute clearly shows that they were used in some other sense. *Daniels v. State,* 754 S.W.2d 214, 219 (Tex.Crim.App. 1988); *Ely v. State,* 582 S.W.2d 416, 419 (Tex.Crim.App. [Panel Opin.] 1979). Words defined in dictionaries with meanings so well known as to be understood by a person of ordinary intelligence have been held not to be vague and indefinite. *Floyd v. State,* 575 S.W.2d 21, 23 (Tex.Crim.App. 1978); *Ex Parte Anderson,* 902 S.W.2d 695, 700 (Tex.App.—Austin 1995, pet. ref'd). Statutory words are to be read in context and construed according to the rules of grammar and common usage. TEX.GOV'T CODE ANN. § 311.011(a).

It is well-settled law that a statute which includes a "reasonable person" standard will generally suffice to survive a constitutional challenge. *Woodson v. State*, 191 S.W.3d 280, 282 (Tex.App.—Waco 2006, pet. ref'd); *Long v. State,* 931 S.W.2d 285, 290 (Tex.Crim.App. 1996); *Clements v. State,* 19 S.W.3d 442, 450 (Tex.App.—Houston [1st Dist.] 2000, no pet.); *DeWillis v. State,* 951 S.W.2d 212, 215–17 (Tex.App.—Houston [14th Dist.] 1997, no pet.). In *Long,* the Court of Criminal Appeals cited with approval several statutes which contain such a standard. 931 S.W.2d at 290. Because the statute incorporates a "reasonable person" standard, we hold that it is not unconstitutionally vague. *See Long,* 931 S.W.2d at 290; *Clements,* 19 S.W.3d at 450; *DeWillis,* 951 S.W.2d at 215–17. We overrule Appellant's point of error asserting the statute is void for vagueness, Sub-Part One and Three.

The term "immediate" is well-known and understood. It is defined as "[o]ccurring without delay; instant." *Immediate*, Black's Law Dictionary (10th ed. 2014). Here, the statute makes clear the reporting must take place immediately, but only if a "reasonable person would believe that the commission of the offense had not been reported" and "the person could immediately report the commission of the offense without placing himself or herself in danger of suffering serious bodily injury or death." TEX.PENAL CODE ANN. § 38.171(a)(2)(A)&(B). The imperative that the reporting must take place "immediately" is modified by two provisions, 1) the individual believes the offense has not been reported and 2) only report if the reporting does not place the individual in danger of suffering serious bodily injury and death. We do not find TEX.PENAL CODE ANN. § 38.171(a)(2)(B) unconstitutionally vague. Appellant's Sub-Part Two of her constitutional vagueness challenge is overruled.

**CONCLUSION**

Having overruled Appellant's two points of error on appeal, we affirm.


July 24, 2018

YVONNE T. RODRIGUEZ, Justice

Before McClure, C.J., Rodriguez, and Palafox, JJ.

(Do Not Publish)