**NOT RECOMMENDED FOR PUBLICATION**
**File Name: 05a0260n.06**
**Filed: April 6, 2005**

**No. 02-4086**


**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

**UNITED STATES OF AMERICA,**

    **Plaintiff-Appellee,**

**v.**

**ERIK BOWKER,**

    **Defendant-Appellant.**

                                /

**ON REMAND FROM THE UNITED STATES SUPREME COURT**

**ORDER**


**BEFORE:** **MARTIN and CLAY, Circuit Judges; MILLS, District Judge.**[*]

On June 11, 2004, this Court issued an opinion affirming Defendant Erik Bowker's convictions and sentence. *United States v. Bowker*, 372 F.3d 365 (6th Cir. 2004). On February 28, 2005, the U.S. Supreme Court granted Bowker's petition for a writ of certiorari, vacated the judgment of this Court, and remanded to this Court for further consideration in light of *United States v. Booker,* 543 U.S. __, 125 S. Ct. 738 (2005). *Bowker v. United States*, __ U.S. __, 125 S. Ct. 1420 (2005). For the reasons that follow, we reinstate our opinion of June 11, 2004, with the exception of Part IX, and remand to the district court for resentencing in accordance with *Booker*.

After a jury convicted Bowker of one count of interstate stalking, in violation of 18 U.S.C.

---

[*]The Honorable Richard Mills, United States District Judge for the Central District of Illinois, sitting by designation.

§ 2261A(1); one count of cyberstalking, in violation of 18 U.S.C. § 2261A(2); one count of theft of mail, in violation of 18 U.S.C. § 1708; and one count of telephone harassment, in violation of 47 U.S.C. § 223(a)(1)(C), the district court determined that the applicable Sentencing Guidelines range, given Bowker's criminal history and an offense level of 19, was between 57 and 71 months. After making independent findings of fact, the district court granted the government's motion for a three level upward departure in Bowker's offense level based on Guidelines § 5K2.3 (extreme psychological injury to the victim), and imposed a 96 month sentence.

Bowker's sentence was imposed in violation of the Sixth Amendment because the 96 month term exceeds the maximum sentence that the Guidelines authorized based solely on the facts found by the jury beyond a reasonable doubt. *Booker*, 125 S. Ct. at 756. Accordingly, Bowker's sentence must be vacated. On remand, the district court must impose a reasonable sentence within the applicable statutory maximums for the crimes of conviction. Although the district court will not be bound by the Guidelines, the court nonetheless must "take account of the Guidelines together with other sentencing goals." *Id.* at 764 (citing 18 U.S.C. § 3553(a) (Supp. 2004)). Because the decision in *Booker* does not implicate any other issues concerning Bowker's conviction or sentence, we hereby reinstate the Court's opinion of June 11, 2004, with the exception of Part IX (Upward Departure for Extreme Psychological Harm to the Victim).

**IT IS SO ORDERED.**