TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-04-00760-CR








Jung Park, Appellant


v.


The State of Texas, Appellee






FROM THE COUNTY COURT-AT-LAW NO. 6 JUDICIAL DISTRICT

NO. 676027, HONORABLE JAN BRELAND, JUDGE PRESIDING



 

M E M O R A N D U M O P I N I O N


 After the trial court denied her motion to quash or set aside the information, appellant
Jung Park pleaded nolo contendere to the offense of telephone harassment in October 2004. See
Tex. Pen. Code Ann. § 42.07(a)(4) (West 2003). Appellant appeals the trial court's denial of her
motion to quash arguing that the statute is unconstitutionally vague and overly broad and that the
information was defective in its language related to intent. We affirm the judgment of the trial court.


Factual and Procedural Background

 

 Appellant refers to the probable cause affidavit for a description of the facts of the
offense. According to the affidavit, in January 2004, appellant was convicted of the offense of
harassing communication for making repeated harassing telephone calls to the victim, the president
of a company from which she had been fired in 2001. Appellant received probation but violated the
terms of her probation by continuing to make phone calls to the victim. On April 10, 2004, appellant
was jailed for violating her probation, and while in jail, she made further unwelcome phone calls to
her former employer on at least 10 separate days. She was released on July 9 and continued to make
the unwanted calls throughout July until she was charged by information with a second offense of
telephone harassment; this second prosecution is the subject of this appeal. Appellant filed a motion
to quash or set aside the information, contending (1) that section 42.07(a)(4) of the penal code was
unconstitutionally vague and overly broad on its face and (2) that the information was defective
because it charged her with acting intentionally, knowingly, or recklessly when section 42.07(a)(4)
is a specific intent crime. See Tex. Pen. Code Ann. § 42.07(a)(4). The trial court denied the motion,
and appellant pled nolo contendere and was sentenced to 300 days in jail. She appeals the trial
court's denial of her pretrial motion to quash the information.


Constitutionality of the Statute

 Appellant first contends that section 42.07(a)(4) of the penal code is facially vague
and overly broad in violation of the U.S. Constitution. (1) 

 When reviewing the constitutionality of a statute, we presume that the statute is valid
and that the legislature acted reasonably in enacting the statute. Rodriguez v. State, 93 S.W.3d 60,
69 (Tex. Crim. App. 2002). The person challenging the statute must prove its unconstitutionality. 
Id. In analyzing a facial challenge to the overbreadth and vagueness of a law, we first determine
whether the statute reaches "a substantial amount of constitutionally protected conduct." Village of
Hoffman Estates v. Flipside, Hoffman Estates, Inc., 455 U.S. 489, 494 (1982). A statute is overbroad
if it criminalizes speech or other conduct protected by the First Amendment. Clark v. State, 665
S.W.2d 476, 482 (Tex. Crim. App. 1984). If a criminal statute implicates speech rights protected
by the First Amendment, the defendant may challenge the statute as vague on its face even if the
statute may not be vague as applied to the defendant's conduct. Gooding v. Wilson, 405 U.S. 518,
521 (1972). If First Amendment rights are not implicated, we will sustain a vagueness challenge
only if the statute is vague in all of its applications. Village of Hoffman Estates, 455 U.S. at 495. 
The first step in this determination is to analyze whether the statute is impermissibly vague as
applied to the challenging party's specific conduct. Bynum v. State, 767 S.W.2d 769, 773-74 (Tex.
Crim. App. 1989). A party whose conduct is clearly proscribed by a statute cannot complain that
the law is vague as applied to others, and we will examine the defendant's conduct before analyzing
any hypothetical applications of the statute. Village of Hoffman Estates, 455 U.S. at 495.

 Section 42.07(a)(4) provides that a person commits an offense if, with the "intent to
harass, annoy, alarm, abuse, torment, or embarrass another," shecauses the telephone of another to ring repeatedly or makes repeated
telephone communications anonymously or in a manner reasonably likely to
harass, annoy, alarm, abuse, torment, embarrass, or offend another. 


Id. Appellant argues that section 47.07(a)(4) is unconstitutionally overbroad, citing Alexander v.
Johnson, in which the court opined that "'repeated telephone communications' that are 'reasonably
likely to harass, annoy, alarm, abuse, torment, embarrass, or offend another' would appear to
implicate the First Amendment." 217 F. Supp. 2d 780, 800-01 (S.D. Tex. 2001).

 Initially, we note that it appears the statute under which the defendant's probation was
revoked in Alexander was the stalking statute, declared unconstitutional in Long v. State, 931 S.W.2d
285 (Tex. Crim. App. 1996), not the telephone harassment statute at issue here, thus making the
Alexander court's discussion of the telephone harassment statute unnecessary to its opinion. See 217
F.2d at 794, 802 ("The only ground upon which Alexander's parole was revoked, violation of the
1993 stalking statute, provided no basis for such an action, as the statute has been declared
unconstitutional on its face."). Further, as noted by the Fourth Circuit in Thorne v. Bailey,
harassment is not protected speech under the First Amendment and is not communication, although
it may take the form of speech. 846 F.2d 241, 243 (4th Cir. 1988) (quoting State v. Thorne, 333
S.E.2d 817, 819 (W.Va.), cert. denied, 474 U.S. 996 (1985)); see Test Masters Educ. Servs. v. Singh,
428 F.3d 559, 580 (5th Cir. 2005) ("Courts have made a distinction between communication and
harassment. The difference is one between free speech and conduct that may be proscribed. 
Although restrictions based upon conduct may incidentally restrict speech, the courts have found that
such a restriction poses only a minimal burden on speech.") (citations omitted). The statute does not
criminalize telephone calls made with legitimate intentions to communicate and only prohibits calls
specifically intended to "harass, annoy, alarm, abuse, torment, or embarrass." In other words, the
statute only infringes on telephone communications made with an intention to inflict mental
discomfort on another; harassing conduct does not obtain constitutional protection simply because
it is done by way of a telephone. Thorne, 846 F.2d at 243 (quoting 333 S.E.2d at 819).

 In Gillenwaters v. State, we agreed with the Thorne court and held, contrary to the
dicta in Alexander, that the telephone harassment statute is not unconstitutionally broad. No. 03-04-00077-CR, 2005 Tex. App. LEXIS 5510, at *12 (Tex. App.--Austin July 13, 2005, pet. granted)
(not designated for publication); see Townsend v. State, No. 14-96-01571-CR, 1999 Tex. App. 
Bowker, 372 F.3d 365, 379 LEXIS 9561, *5 (Tex. App.--Houston [14th Dist.] Dec. 30, 1999, pet.
ref'd) ("there is no authority for the proposition that making repeated telephone calls in a manner
reasonably likely to harass and annoy another is a constitutionally protected activity"); Bader v.
State, 773 S.W.2d 769, 770 (Tex. App.--Corpus Christi 1989, pet. ref'd) (holding that telephone
harassment statute is not overly broad). (2) As we stated in Gillenwaters, "[t]he telephone harassment
statute does not sweep within its coverage any protected activity under the First Amendment," and
the mere fact that communications are made, as opposed to repeated hang-ups or anonymous calls,
does not "turn conduct into speech for purposes of First Amendment analysis." 2005 Tex. App.
LEXIS 5510, at *10 (citing O'Brien v. United States, 391 U.S. 367, 376 (1968)). "Prohibiting
harassment is not prohibiting speech because harassment is not protected speech." Id. (citing
Thorne, 846 F.2d at 243).

 Appellant also argues that Coates v. City of Cincinnati supports her claim that section
42.07(a)(4) chills protected free speech. 402 U.S. 611 (1971). Coates involved a city ordinance that
forbade three or more people from gathering on public sidewalks and street corners in a manner
annoying to persons passing by, and the Supreme Court held that the ordinance violated the
constitutional rights of freedom of association and freedom of assembly. 402 U.S. at 616. Aside
from the difference in the offensive conduct--gathering in public in a manner that happens to annoy
passers-by versus making repeated phone calls both intended and reasonably likely to harass, offend,
annoy, or alarm another person--section 42.07(a)(4), which criminalizes conduct directed at a person
in a private place such as his home or business, is distinguishable from the Coates ordinance, which
restricted speech and gathering in traditional public forums. See id.; United States v. Bowker, 372
F.3d 365, 379 (6th Cir. 2004), vacated on other grounds by 543 U.S. 1182 (2005), modified and
reinstated by 125 Fed. Appx. 701 (6th Cir. 2005). Public streets and sidewalks, for "time out of
mind, have been used for purposes of assembly, communicating thoughts between citizens, and
discussing public questions." Hague v. Committee for Indus. Org., 307 U.S. 496, 515 (1939)
(Roberts, J., plurality op.); see United States v. Grace, 461 U.S. 171, 177, 180 (1983) (such places
occupy "special position in terms of First Amendment protection" and government's ability to
restrict expressive activity in traditional public forums "is very limited"). Harassing telephone
communication, on the other hand, is directed at private individuals, frequently in their homes or
businesses, and does not warrant the special protection traditionally granted to political or expressive
speech and conduct occurring in public forums. See Bowker, 372 F.3d 365, 379.

 Appellant has not shown that making repeated telephone calls with an intent to harass
another is a constitutionally protected activity, and we have already held that such conduct is not
constitutionally protected. See Gillenwaters, 2005 Tex. App. LEXIS 5510, at *11. We again hold
that the telephone harassment statute is not unconstitutionally overbroad, nor does it sufficiently
implicate constitutionally protected behavior under the First Amendment. 

 Nevertheless, appellant may and does assert that the telephone harassment statute is
unconstitutionally vague. A law that is not unconstitutionally overbroad may be attacked as vague,
but the challenging party must show that "the law is impermissibly vague in all of its applications." 
Village of Hoffman Estates, 455 U.S. at 497. We first ask whether the statute is impermissibly vague
as applied to appellant's conduct. Bynum, 767 S.W.2d at 773-74; see Village of Hoffman Estates,
455 U.S. at 494.

 In examining a criminal statute for vagueness, we look to the statute and ask whether
it gives a "person of ordinary intelligence a reasonable opportunity to know what is prohibited," and
whether the law provides explicit standards for those who apply them or whether it "impermissibly
delegates basic policy matters to policemen, judges, and juries for resolution on an ad hoc and
subjective basis, with the attendant dangers of arbitrary and discriminatory applications." Village
of Hoffman Estates, 455 U.S. at 498-99 (quoting Grayned v. City of Rockford, 408 U.S. 104, 108-09
(1972)). A requirement of intent may mitigate a law's vagueness, "especially with respect to the
adequacy of notice to the complainant that his conduct is proscribed." Id. at 499. If "the ordinary,
law-abiding individual would have received sufficient information that his or her conduct risked
violating a criminal law," the law is not impermissibly vague. Bynum, 767 S.W.2d at 773.

 Appellant was charged with making repeated and unwelcome telephone calls to the
president of her former employer for ten consecutive days in April 2004. Section 42.07(a)(4)
prohibits a person from causing a complainant's telephone to ring repeatedly or from making
repeated telephone communications either anonymously or in a manner reasonably likely to be
harassing, annoying, alarming, or offensive to another person when the actor has the "intent to
harass, annoy, alarm, abuse, torment, or embarrass." Tex. Pen. Code Ann. § 42.07(a)(4). The
language of the statute explains the kind of conduct that is illegal, and a reasonable person in
appellant's position would know that phoning someone repeatedly, for ten days in a row, knowing
and intending that the calls were unwelcome and harassing, is a criminal offense. See DeWillis, 951
S.W.2d at 217 (telephone harassment statute specifically defines proscribed conduct and includes
reasonable-person standard); see also Gillenwaters, 2005 Tex. App. LEXIS 5510, at *17 (agreeing
with DeWillis analysis and holding that "telephone harassment statute prohibits only a narrowly
defined scope of activity"). The statute does not impermissibly delegate policy matters to law
enforcement for subjective and ad hoc resolution, but instead provides guidelines allowing for
objective enforcement. See Village of Hoffman Estates, 455 U.S. at 498-99. Finally, the statute
requires that the repeated calls be made with the intent to harass, annoy, alarm, abuse, torment,
embarrass, or torment the recipient. See Tex. Pen. Code Ann. § 42.07(a). 

 The language of the statute would have given a reasonable individual in appellant's
situation clear notice that her repeated and unwanted telephone calls made during ten consecutive
days would amount to a criminal offense, and appellant does not explain how the telephone
harassment statute is unconstitutional as applied to her specific conduct or argue that she was
unaware that her conduct was illegal. See DeWillis, 951 S.W.2d at 217 ("Appellant has failed to
explain how the harassment statute is unconstitutional as applied to him. Also, appellant has failed
to bring forth a record containing the facts surrounding his conduct for this court to determine
whether [the statute] is vague as applied to him."). Appellant has not shown that section 42.07(a)(4)
is vague as applied to her conduct, and therefore has not shown that the statute is unconstitutionally
vague in all of its applications. See Village of Hoffman Estates, 455 U.S. at 495.

 Having concluded that section 42.07(a)(4) is not overbroad, does not sufficiently
implicate protected First Amendment freedoms, and is not unconstitutionally vague as applied to
appellant and, therefore, in all applications, we overrule appellant's first issue.

Adequacy of the Information

 In her second issue, appellant contends that the information that charged her with the
subject offense was defective because it did not track the exact language of the statute with regard
to the intent required and the type of communications made. The information alleged that appellant:with the intent to harass, annoy, alarm, abuse, torment, and embarrass [the
complainant], did then and there intentionally, knowingly and recklessly make
repeated communications in a manner reasonably likely to harass, annoy, embarrass,
alarm, abuse, torment, or offend the said [complainant], to wit: by making
unwelcome telephone calls to [the complainant] from the Travis County Jail where
the Defendant was serving a jail sentence for the offense of Harassing
Communications against [the complainant].


 Appellant first complains that the information is defective because it states that she
"intentionally, knowingly and recklessly" committed the offense, rather than acting intentionally. 
See Tex. Pen. Code Ann. § 42.07(a)(4). Second, she complains that it alleged "repeated
communications," not "repeated telephone communications," as required by the statute. See id.

 An charging instrument is sufficient "if it accuses someone of a crime with enough
clarity and specificity to identify the penal statute under which the State intends to prosecute, even
if the instrument is otherwise defective." Duron v. State, 956 S.W.2d 547, 550-51 (Tex. Crim. App.
1997); see Tex. Code Crim Proc. Ann. arts. 21.02 (West 1989) (offense must be stated "in plain and
intelligible words"), .03 (West 1989) ("Everything should be stated in an indictment which is
necessary to be proved."). If a particular intent is a material element of the offense, the indictment
or information must state the required intent. Tex. Code Crim. Proc. Ann. art. 21.05 (West 1989).

 To be convicted of telephone harassment, a person must act with the "intent to harass,
annoy, alarm, abuse, torment, or embarrass another." Tex. Pen. Code Ann. § 42.07(a) (emphasis
added). The information in this case alleged that appellant, with the intent to harass the complainant,
made repeated phone calls intentionally, knowingly and recklessly. The information's use of the
word "intentionally" satisfied the statute's intent requirement, and the inclusion of two lesser mental
states, "knowingly and recklessly," did not render the information fundamentally defective. Soto v.
State, 623 S.W.2d 938, 939 (Tex. Crim. App. 1981) (indictment charged that defendant acted
"intentionally, knowingly and recklessly" in committing assault; court held that indictment properly
alleged two required mental states and that inclusion of "recklessly" did not invalidate indictment). 

 The information did not precisely track the language of section 42.07(a)(4) when it
accused her of making "repeated communications." See Tex. Pen. Code Ann. § 42.07(a). However,
another clause in the same sentence stated that appellant made "unwelcome telephone calls." 
Reading the entire charging instrument as a whole, it is clear that the repeated communications that
appellant was accused of making were telephone communications.

 The inclusion of two lesser mental states and the use of the term "repeated
communications," later clarified to mean telephone calls, are merely technical defects. Since these
small defects did not prevent appellant from identifying the penal statute under which the State
intended to prosecute her, we overrule her second issue. See Duron, 956 S.W.2d at 550-51.


Conclusion

 Having overruled appellant's issues on appeal, we affirm the trial court's judgment.


 __________________________________________

 David Puryear, Justice

Before Chief Justice Law and Justices Patterson and Puryear

Affirmed

Filed: August 11, 2006

Do Not Publish
1. Although appellant only raised the issue of vagueness before the trial court, we will
consider her overbreadth arguments on appeal. See Holberg v. State, 38 S.W.3d 137, 138 n.4 (Tex.
Crim. App. 2000) (questions of statute's constitutionality may be raised for first time on appeal). 
2. See also State v. Johns, No. 05-97-00862-CR, 1998 Tex. App. LEXIS 5539, *7 (Tex.
App.--Dallas, Aug. 31, 1998, no pet.) (not designated for publication) (defendant made repeated
phone calls to complainant after being told not to call; court held that statute sufficiently defined
telephone harassment and put defendant on notice of what conduct was unlawful); Hipps v. State,
No. 05-96-01420-CR, 1998 Tex. App. LEXIS 3108, *10 (Tex. App.--Dallas May 26, 1998, no pet.)
(not designated for publication) (defendant repeatedly called complainant company, including
numerous "hang-up phone calls"; court held that there was no authority "that causing another
person's telephone to ring repeatedly or repeatedly making anonymous telephone calls is a
constitutional protected activity").