# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

**NO. 03-04-00760-CR**

---

**Jung Park, Appellant**

**v.**

**The State of Texas, Appellee**

---

**FROM THE COUNTY COURT-AT-LAW NO. 6 JUDICIAL DISTRICT
NO. 676027, HONORABLE JAN BRELAND, JUDGE PRESIDING**

---

**M E M O R A N D U M   O P I N I O N**

After the trial court denied her motion to quash or set aside the information, appellant Jung Park pleaded nolo contendere to the offense of telephone harassment in October 2004. *See* Tex. Pen. Code Ann. § 42.07(a)(4) (West 2003). Appellant appeals the trial court's denial of her motion to quash arguing that the statute is unconstitutionally vague and overly broad and that the information was defective in its language related to intent. We affirm the judgment of the trial court.

**Factual and Procedural Background**

Appellant refers to the probable cause affidavit for a description of the facts of the offense. According to the affidavit, in January 2004, appellant was convicted of the offense of harassing communication for making repeated harassing telephone calls to the victim, the president of a company from which she had been fired in 2001. Appellant received probation but violated the

terms of her probation by continuing to make phone calls to the victim. On April 10, 2004, appellant was jailed for violating her probation, and while in jail, she made further unwelcome phone calls to her former employer on at least 10 separate days. She was released on July 9 and continued to make the unwanted calls throughout July until she was charged by information with a second offense of telephone harassment; this second prosecution is the subject of this appeal. Appellant filed a motion to quash or set aside the information, contending (1) that section 42.07(a)(4) of the penal code was unconstitutionally vague and overly broad on its face and (2) that the information was defective because it charged her with acting intentionally, knowingly, or recklessly when section 42.07(a)(4) is a specific intent crime. *See* Tex. Pen. Code Ann. § 42.07(a)(4). The trial court denied the motion, and appellant pled nolo contendere and was sentenced to 300 days in jail. She appeals the trial court's denial of her pretrial motion to quash the information.

**Constitutionality of the Statute**

Appellant first contends that section 42.07(a)(4) of the penal code is facially vague and overly broad in violation of the U.S. Constitution.[1]

When reviewing the constitutionality of a statute, we presume that the statute is valid and that the legislature acted reasonably in enacting the statute. *Rodriguez v. State*, 93 S.W.3d 60, 69 (Tex. Crim. App. 2002). The person challenging the statute must prove its unconstitutionality. *Id.* In analyzing a facial challenge to the overbreadth and vagueness of a law, we first determine

---

[1] Although appellant only raised the issue of vagueness before the trial court, we will consider her overbreadth arguments on appeal. *See Holberg v. State*, 38 S.W.3d 137, 138 n.4 (Tex. Crim. App. 2000) (questions of statute's constitutionality may be raised for first time on appeal).

2

whether the statute reaches "a substantial amount of constitutionally protected conduct." *Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 494 (1982). A statute is overbroad if it criminalizes speech or other conduct protected by the First Amendment. *Clark v. State*, 665 S.W.2d 476, 482 (Tex. Crim. App. 1984). If a criminal statute implicates speech rights protected by the First Amendment, the defendant may challenge the statute as vague on its face even if the statute may not be vague as applied to the defendant's conduct. *Gooding v. Wilson*, 405 U.S. 518, 521 (1972). If First Amendment rights are not implicated, we will sustain a vagueness challenge only if the statute is vague in all of its applications. *Village of Hoffman Estates*, 455 U.S. at 495. The first step in this determination is to analyze whether the statute is impermissibly vague as applied to the challenging party's specific conduct. *Bynum v. State*, 767 S.W.2d 769, 773-74 (Tex. Crim. App. 1989). A party whose conduct is clearly proscribed by a statute cannot complain that the law is vague as applied to others, and we will examine the defendant's conduct before analyzing any hypothetical applications of the statute. *Village of Hoffman Estates*, 455 U.S. at 495.

Section 42.07(a)(4) provides that a person commits an offense if, with the "intent to harass, annoy, alarm, abuse, torment, or embarrass another," she

> causes the telephone of another to ring repeatedly or makes repeated telephone communications anonymously or in a manner reasonably likely to harass, annoy, alarm, abuse, torment, embarrass, or offend another.

*Id.* Appellant argues that section 47.07(a)(4) is unconstitutionally overbroad, citing *Alexander v. Johnson*, in which the court opined that "'repeated telephone communications' that are 'reasonably

3

likely to harass, annoy, alarm, abuse, torment, embarrass, or offend another' would appear to implicate the First Amendment." 217 F. Supp. 2d 780, 800-01 (S.D. Tex. 2001).

Initially, we note that it appears the statute under which the defendant's probation was revoked in *Alexander* was the stalking statute, declared unconstitutional in *Long v. State*, 931 S.W.2d 285 (Tex. Crim. App. 1996), not the telephone harassment statute at issue here, thus making the *Alexander* court's discussion of the telephone harassment statute unnecessary to its opinion. *See* 217 F.2d at 794, 802 ("The only ground upon which Alexander's parole was revoked, violation of the 1993 stalking statute, provided no basis for such an action, as the statute has been declared unconstitutional on its face."). Further, as noted by the Fourth Circuit in *Thorne v. Bailey*, harassment is not protected speech under the First Amendment and is not communication, although it may take the form of speech. 846 F.2d 241, 243 (4th Cir. 1988) (quoting *State v. Thorne*, 333 S.E.2d 817, 819 (W.Va.), *cert. denied*, 474 U.S. 996 (1985)); *see Test Masters Educ. Servs. v. Singh*, 428 F.3d 559, 580 (5th Cir. 2005) ("Courts have made a distinction between communication and harassment. The difference is one between free speech and conduct that may be proscribed. Although restrictions based upon conduct may incidentally restrict speech, the courts have found that such a restriction poses only a minimal burden on speech.") (citations omitted). The statute does not criminalize telephone calls made with legitimate intentions to communicate and only prohibits calls specifically intended to "harass, annoy, alarm, abuse, torment, or embarrass." In other words, the statute only infringes on telephone communications made with an intention to inflict mental discomfort on another; harassing conduct does not obtain constitutional protection simply because it is done by way of a telephone. *Thorne*, 846 F.2d at 243 (quoting 333 S.E.2d at 819).

4

In *Gillenwaters v. State*, we agreed with the *Thorne* court and held, contrary to the dicta in *Alexander*, that the telephone harassment statute is not unconstitutionally broad. No. 03-04-00077-CR, 2005 Tex. App. LEXIS 5510, at *12 (Tex. App.—Austin July 13, 2005, pet. granted) (not designated for publication); *see Townsend v. State*, No. 14-96-01571-CR, 1999 Tex. App. *Bowker*, 372 F.3d 365, 379 LEXIS 9561, *5 (Tex. App.—Houston [14th Dist.] Dec. 30, 1999, pet. ref'd) ("there is no authority for the proposition that making repeated telephone calls in a manner reasonably likely to harass and annoy another is a constitutionally protected activity"); *Bader v. State*, 773 S.W.2d 769, 770 (Tex. App.—Corpus Christi 1989, pet. ref'd) (holding that telephone harassment statute is not overly broad).[2] As we stated in *Gillenwaters*, "[t]he telephone harassment statute does not sweep within its coverage any protected activity under the First Amendment," and the mere fact that communications are made, as opposed to repeated hang-ups or anonymous calls, does not "turn conduct into speech for purposes of First Amendment analysis." 2005 Tex. App. LEXIS 5510, at *10 (citing *O'Brien v. United States*, 391 U.S. 367, 376 (1968)). "Prohibiting harassment is not prohibiting speech because harassment is not protected speech." *Id.* (citing *Thorne*, 846 F.2d at 243).

---

[2] *See also State v. Johns*, No. 05-97-00862-CR, 1998 Tex. App. LEXIS 5539, *7 (Tex. App.—Dallas, Aug. 31, 1998, no pet.) (not designated for publication) (defendant made repeated phone calls to complainant after being told not to call; court held that statute sufficiently defined telephone harassment and put defendant on notice of what conduct was unlawful); *Hipps v. State*, No. 05-96-01420-CR, 1998 Tex. App. LEXIS 3108, *10 (Tex. App.—Dallas May 26, 1998, no pet.) (not designated for publication) (defendant repeatedly called complainant company, including numerous "hang-up phone calls"; court held that there was no authority "that causing another person's telephone to ring repeatedly or repeatedly making anonymous telephone calls is a constitutional protected activity").

Appellant also argues that *Coates v. City of Cincinnati* supports her claim that section 42.07(a)(4) chills protected free speech. 402 U.S. 611 (1971). *Coates* involved a city ordinance that forbade three or more people from gathering on public sidewalks and street corners in a manner annoying to persons passing by, and the Supreme Court held that the ordinance violated the constitutional rights of freedom of association and freedom of assembly. 402 U.S. at 616. Aside from the difference in the offensive conduct—gathering in public in a manner that happens to annoy passers-by versus making repeated phone calls both intended and reasonably likely to harass, offend, annoy, or alarm another person—section 42.07(a)(4), which criminalizes conduct directed at a person in a private place such as his home or business, is distinguishable from the *Coates* ordinance, which restricted speech and gathering in traditional public forums. *See id.*; *United States v. Bowker*, 372 F.3d 365, 379 (6th Cir. 2004), *vacated on other grounds by* 543 U.S. 1182 (2005), *modified and reinstated by* 125 Fed. Appx. 701 (6th Cir. 2005). Public streets and sidewalks, for "time out of mind, have been used for purposes of assembly, communicating thoughts between citizens, and discussing public questions." *Hague v. Committee for Indus. Org.*, 307 U.S. 496, 515 (1939) (Roberts, J., plurality op.); *see United States v. Grace*, 461 U.S. 171, 177, 180 (1983) (such places occupy "special position in terms of First Amendment protection" and government's ability to restrict expressive activity in traditional public forums "is very limited"). Harassing telephone communication, on the other hand, is directed at private individuals, frequently in their homes or businesses, and does not warrant the special protection traditionally granted to political or expressive speech and conduct occurring in public forums. *See Bowker*, 372 F.3d 365, 379.

6

Appellant has not shown that making repeated telephone calls with an intent to harass another is a constitutionally protected activity, and we have already held that such conduct is not constitutionally protected. *See Gillenwaters*, 2005 Tex. App. LEXIS 5510, at *11. We again hold that the telephone harassment statute is not unconstitutionally overbroad, nor does it sufficiently implicate constitutionally protected behavior under the First Amendment.

Nevertheless, appellant may and does assert that the telephone harassment statute is unconstitutionally vague. A law that is not unconstitutionally overbroad may be attacked as vague, but the challenging party must show that "the law is impermissibly vague in all of its applications." *Village of Hoffman Estates*, 455 U.S. at 497. We first ask whether the statute is impermissibly vague as applied to appellant's conduct. *Bynum*, 767 S.W.2d at 773-74; *see Village of Hoffman Estates*, 455 U.S. at 494.

In examining a criminal statute for vagueness, we look to the statute and ask whether it gives a "person of ordinary intelligence a reasonable opportunity to know what is prohibited," and whether the law provides explicit standards for those who apply them or whether it "impermissibly delegates basic policy matters to policemen, judges, and juries for resolution on an ad hoc and subjective basis, with the attendant dangers of arbitrary and discriminatory applications." *Village of Hoffman Estates*, 455 U.S. at 498-99 (quoting *Grayned v. City of Rockford*, 408 U.S. 104, 108-09 (1972)). A requirement of intent may mitigate a law's vagueness, "especially with respect to the adequacy of notice to the complainant that his conduct is proscribed." *Id*. at 499. If "the ordinary, law-abiding individual would have received sufficient information that his or her conduct risked violating a criminal law," the law is not impermissibly vague. *Bynum*, 767 S.W.2d at 773.

7

Appellant was charged with making repeated and unwelcome telephone calls to the president of her former employer for ten consecutive days in April 2004. Section 42.07(a)(4) prohibits a person from causing a complainant's telephone to ring repeatedly or from making repeated telephone communications either anonymously or in a manner reasonably likely to be harassing, annoying, alarming, or offensive to another person when the actor has the "intent to harass, annoy, alarm, abuse, torment, or embarrass." Tex. Pen. Code Ann. § 42.07(a)(4). The language of the statute explains the kind of conduct that is illegal, and a reasonable person in appellant's position would know that phoning someone repeatedly, for ten days in a row, knowing and intending that the calls were unwelcome and harassing, is a criminal offense. *See DeWillis*, 951 S.W.2d at 217 (telephone harassment statute specifically defines proscribed conduct and includes reasonable-person standard); *see also Gillenwaters*, 2005 Tex. App. LEXIS 5510, at *17 (agreeing with *DeWillis* analysis and holding that "telephone harassment statute prohibits only a narrowly defined scope of activity"). The statute does not impermissibly delegate policy matters to law enforcement for subjective and ad hoc resolution, but instead provides guidelines allowing for objective enforcement. *See Village of Hoffman Estates*, 455 U.S. at 498-99. Finally, the statute requires that the repeated calls be made with the intent to harass, annoy, alarm, abuse, torment, embarrass, or torment the recipient. *See* Tex. Pen. Code Ann. § 42.07(a).

The language of the statute would have given a reasonable individual in appellant's situation clear notice that her repeated and unwanted telephone calls made during ten consecutive days would amount to a criminal offense, and appellant does not explain how the telephone harassment statute is unconstitutional as applied to her specific conduct or argue that she was

unaware that her conduct was illegal. *See DeWillis*, 951 S.W.2d at 217 ("Appellant has failed to explain how the harassment statute is unconstitutional as applied to him. Also, appellant has failed to bring forth a record containing the facts surrounding his conduct for this court to determine whether [the statute] is vague as applied to him."). Appellant has not shown that section 42.07(a)(4) is vague as applied to her conduct, and therefore has not shown that the statute is unconstitutionally vague in all of its applications. *See Village of Hoffman Estates*, 455 U.S. at 495.

Having concluded that section 42.07(a)(4) is not overbroad, does not sufficiently implicate protected First Amendment freedoms, and is not unconstitutionally vague as applied to appellant and, therefore, in all applications, we overrule appellant's first issue.

## Adequacy of the Information

In her second issue, appellant contends that the information that charged her with the subject offense was defective because it did not track the exact language of the statute with regard to the intent required and the type of communications made. The information alleged that appellant:

> with the intent to harass, annoy, alarm, abuse, torment, and embarrass [the complainant], did then and there intentionally, knowingly and recklessly make repeated communications in a manner reasonably likely to harass, annoy, embarrass, alarm, abuse, torment, or offend the said [complainant], to wit: by making unwelcome telephone calls to [the complainant] from the Travis County Jail where the Defendant was serving a jail sentence for the offense of Harassing Communications against [the complainant].

Appellant first complains that the information is defective because it states that she "intentionally, knowingly and recklessly" committed the offense, rather than acting intentionally.

9

*See* Tex. Pen. Code Ann. § 42.07(a)(4). Second, she complains that it alleged "repeated communications," not "repeated telephone communications," as required by the statute. *See id*.

An charging instrument is sufficient "if it accuses someone of a crime with enough clarity and specificity to identify the penal statute under which the State intends to prosecute, even if the instrument is otherwise defective." *Duron v. State*, 956 S.W.2d 547, 550-51 (Tex. Crim. App. 1997); *see* Tex. Code Crim Proc. Ann. arts. 21.02 (West 1989) (offense must be stated "in plain and intelligible words"), .03 (West 1989) ("Everything should be stated in an indictment which is necessary to be proved."). If a particular intent is a material element of the offense, the indictment or information must state the required intent. Tex. Code Crim. Proc. Ann. art. 21.05 (West 1989).

To be convicted of telephone harassment, a person must act with the "*intent* to harass, annoy, alarm, abuse, torment, or embarrass another." Tex. Pen. Code Ann. § 42.07(a) (emphasis added). The information in this case alleged that appellant, with the intent to harass the complainant, made repeated phone calls intentionally, knowingly and recklessly. The information's use of the word "intentionally" satisfied the statute's intent requirement, and the inclusion of two lesser mental states, "knowingly and recklessly," did not render the information fundamentally defective. *Soto v. State*, 623 S.W.2d 938, 939 (Tex. Crim. App. 1981) (indictment charged that defendant acted "intentionally, knowingly and recklessly" in committing assault; court held that indictment properly alleged two required mental states and that inclusion of "recklessly" did not invalidate indictment).

The information did not precisely track the language of section 42.07(a)(4) when it accused her of making "repeated communications." *See* Tex. Pen. Code Ann. § 42.07(a). However,

another clause in the same sentence stated that appellant made "unwelcome telephone calls." Reading the entire charging instrument as a whole, it is clear that the repeated communications that appellant was accused of making were telephone communications.

The inclusion of two lesser mental states and the use of the term "repeated communications," later clarified to mean telephone calls, are merely technical defects. Since these small defects did not prevent appellant from identifying the penal statute under which the State intended to prosecute her, we overrule her second issue. *See Duron*, 956 S.W.2d at 550-51.

**Conclusion**

Having overruled appellant's issues on appeal, we affirm the trial court's judgment.

_____

David Puryear, Justice

Before Chief Justice Law and Justices Patterson and Puryear

Affirmed

Filed: August 11, 2006

Do Not Publish

11